THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THOMAS
O'BRIEN, Appellant.

*Infant witnesses in criminal cases — Code of Criminal Procedure, § 392.*

The effect of the evidence, under oath, of a child less than twelve years of age,
when the court is of the opinion that the witness understands the nature of
an oath, is not determined by the provisions of section 392 of the Code of
Criminal Procedure, to the effect that when the court is of the opinion that a
child under twelve years of age does not understand the nature of an oath it
may take his evidence not on oath, but that no person shall be held or con-
victed upon such testimony unsupported by other evidence.

When a child under twelve years of age is permitted to testify under oath in a
criminal case, it becomes the duty of the jury to weigh the testimony, with the
right to take into account, upon the question of its credibility, the age and
intelligence of the witness.

APPEAL by the defendant, Thomas O'Brien, from a judgment of
conviction of the Court of Sessions of the county of Albany, ren-
dered on the 2d day of December, 1892.

*John Scanlon,* for the appellant.

*James W. Eaton, District Attorney,* for the respondent.

MAYHAM, P. J.:

The defendant was convicted of the crime against nature, com-
mitted upon the body of a boy eleven years of age. On the trial
the only direct evidence as to who perpetrated the offense was that
of the boy upon whom it was inflicted.

On the day of the alleged crime the complainant and his brother
eight years of age, in company with another boy ten years of age,
were on a railroad track near a piece of woods, when, as they all
testify, they met the defendant, who invited them to go with him to
the woods to ride a pony, and gave them twenty-five cents to induce
them to accompany him to the woods.

That he afterwards gave the complainant fifty cents more, and
after enticing them some distance he caught hold of the com-
plainant and dragged him towards a ravine, when the other boys
fled, and the defendant took complainant into the ditch and perpe-
trated the offense.

In addition to the testimony of this boy, proof of the *corpus delicti* was made by the father of the boy, who examined the person of the complainant.

Evidence was offered as to the conduct of the defendant at the time of his arrest, and of the identification of the defendant by these boys at that time in the presence of the officer. But the main contention of the defendant is that his identification as the perpetrator of this crime was established only by the testimony of the boy assaulted, who was under twelve years of age, and that the testimony of the other boys, who were still younger than the complainant, was not such a corroboration as is required by section 392 of the Code of Criminal Procedure.

At common law the capacity of a child to give evidence was determined by the trial court and the law did not fix a minimum in the age of the child as a test of his capacity to be sworn as a witness. That rested in the sound judicial discretion of the magistrate, but in no case could the child's statement, not under oath, be received in evidence, and it was usual for the trial judge, by a preliminary examination of the child, to determine whether he had sufficient intelligence and culture to be bound in conscience and law by the obligation of an oath.

Section 392 of the Code of Criminal Procedure has changed that rule, and by that section, if the magistrate believes a child under twelve years of age ought not to be subject to the obligations of an oath, he may, nevertheless, take his evidence not on oath, but in such case the evidence so taken is not sufficient to convict, unless corroborated or supported by other evidence.

The language of the section is as follows: "The rules of evidence in civil cases are applicable also to criminal cases, except as otherwise provided in this Code. Whenever, in any criminal proceedings, a child actually or apparently under the age of twelve years offered as a witness, does not, in the opinion of the court or magistrate, understand the nature of an oath, the evidence of such child may be received, though not given under oath, if, in the opinion of the court or magistrate, such child is possessed of sufficient intelligence to justify the reception of the evidence. *But no person shall be held or convicted of an offense upon such testimony unsupported by other evidence.*"

It is quite clear in this case that the witnesses offered were not such as, in the opinion of the judge, did not understand the nature of an oath, and hence their testimony was received under oath.

The testimony of these children having been properly received by the judge, under oath, it became the duty of the jury to weigh it, having the right to take into account, upon the question of its credibility, their age and intelligence, and upon that subject the learned judge in his charge went farther in guarding the rights of the defendant than was necessary when he instructed them that they must find in the evidence circumstances corroborating the testimony of these children before they could convict the defendant.

The jury having found the defendant guilty upon evidence which, we think, was legal and competent, and no error having been committed on the trial to the prejudice of the defendant, the judgment of conviction must be affirmed.

PUTNAM and HERRICK, JJ., concurred.

Judgment of conviction affirmed.