(139 App. Div. 404.)

## PEOPLE v. BALDWIN.

(Supreme Court, Appellate Division, Third Department. June 29, 1910.)

1. GRAND JURY (§ 36\*)—EXAMINATION OF WITNESSES—CHILDREN OF IMMATURE YEARS.

Code Cr. Proc. § 392, provides that whenever in any criminal procedure a child actually or apparently under the age of 12, offered as a witness, does not in the opinion of the court or magistrate understand the nature of an oath, its evidence may be received, though not under oath, if, in the opinion of the court or magistrate it is of sufficient intelligence to justify reception of the evidence. *Held*, that it was competent thereunder for the grand jury to receive the statement of such a child after a proper investigation of her intelligence as the statute provides.

[Ed. Note.—For other cases, see Grand Jury, Cent. Dig. §§ 75–78; Dec. Dig. § 36.\*]

2. CRIMINAL LAW (§ 1144\*)—EVIDENCE—PRESUMPTIONS.

In absence of evidence it will be presumed that the grand jury made a proper investigation pursuant to Code Cr. Proc. § 392, before a child of immature years was permitted to make her statement.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1144.\*]

3. RAPE (§ 53\*)—EVIDENCE—SUFFICIENCY—ASSAULT WITH INTENT TO RAPE.

Evidence, in a prosecution for assault with intent to rape, wherein, owing to the age of the complaining witness, it was necessary, pursuant to Code Cr. Proc. § 392, to support her testimony by other evidence, *held* insufficient to sustain a conviction.

[Ed. Note.—For other cases, see Rape, Dec. Dig. § 53.\*]

Appeal from Saratoga County Court.

William Baldwin was convicted of assault with intent to rape, and he appeals. Reversed.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Robert W. Fisher, for appellant.
William T. Moore, Dist. Atty., for the People.

HOUGHTON, J. The defendant was convicted of criminal assault upon a child four years of age. On the back of the indictment the name of the child appeared as one of the witnesses examined before the grand jury. On arraignment the defendant pleaded not guilty and moved to dismiss the indictment on the ground that the grand jury had no right in finding an indictment to receive either her testimony or statement. There was no proof as to whether or not she was actually sworn in giving her testimony before the grand jury, or what, if any, examination was made to ascertain whether she possessed sufficient intelligence to justify the taking of her statement.

Section 392 of the Code of Criminal Procedure provides that, whenever in any criminal proceedings a child actually or apparently under the age of 12 years offered as a witness does not in the opinion of the court or magistrate understand the nature of an oath, the evidence of such child may be received, though not given under oath, if in the opinion of the court or magistrate such child is possessed of sufficient intelligence to justify the reception of the evidence, but further provides that no person shall be held or convicted of an offense upon such testimony unsupported by other evidence.

In his motion the learned attorney for the appellant conceded that it was within the discretion of a court or magistrate to receive the statement of the child, but contended that the law had not made her statement competent as evidence before a grand jury. The precise question was passed on in People v. Sexton, 187 N. Y. 495, 80 N. E. 396, 116 Am. St. Rep. 621, and it was held that a grand jury was such a distinct body and so clothed with authority to conduct the examination of witnesses that it had the power to determine for itself the qualification of witnesses of tender years so long as there was due observance of the statutory safeguards enjoined upon other tribunals under similar circumstances, and in effect that a proceeding before a grand jury was such a criminal proceeding as made the provisions of section 392 of the Code of Criminal Procedure applicable. It is true that in that case there was an affidavit of the district attorney that the grand jury made investigation as to the intelligence and qualification of the child to give evidence, while in the present case no such affidavit appears. We think, in the absence of any evidence upon the subject, it must be presumed that the grand jury did make proper investigation before the child was permitted to make her statement, and that therefore the defendant's motion was properly denied.

But the evidence adduced against the defendant upon the trial was of so unsatisfactory a character that we feel that a new trial should be granted to him. The child was properly permitted to make her statement. She was less than five years old when this was done, and her evidence was neccessarily colored by talks which she had had with her elders. Because of her immature years, section 392 of the Code of

Criminal Procedure provided that no person should be convicted of an offense upon her testimony unsupported by other evidence. The law, therefore, threw about her evidence this caution against convicting the defendant without other corroborating testimony, and therefore necessarily called for especial corroboration. The defendant on the trial did not controvert the fact that an attempted criminal assault had been committed, but he maintained that he was not the man who committed it. The scene of the assault was a horse shed connected with a hotel and near passersby upon the street, and in a comparatively thickly populated neighborhood. The child was the only one who identified the defendant as the man who enticed her into the shed. One witness who claims to have seen him with the child was unable to identify him, not having seen his face, except as to general appearance. · Both the child and this witness say that the man who committed the assault wore a straw hat. The defendant called two of the witnesses who had been sworn in behalf of the people and who had testified that they had seen him in the vicinity about the time of the alleged assault, and they testified that at the time he was wearing a black derby hat. He also called two other witnesses who testified to the same thing. There is no pretense that he could have changed hats during the time in controversy, and it is quite apparent that identification of the man who committed the assault depended largely upon the kind of hat he wore. The testimony casts very serious doubt upon the fact as to whether the defendant was the man who committed the offense. The mere fact that a man is charged with so revolting a crime subjects him to immediate abhorrence and detestation, and courts should very carefully guard his rights.

Our conclusion is that justice requires that the judgment of conviction be reversed, and a new trial granted. All concur.