PEOPLE v. BALDWIN.

(Saratoga County Court. November 28, 1910.)

1. CRIMINAL LAW (§ 1192*)—DISMISSAL—EVIDENCE.
   Accused was convicted of attempted rape on a female child four years of age. The conviction was reversed by the Appellate Division because the evidence was insufficient to identify accused. *Held* that, it being shown that no different or other evidence was before the grand jury, accused was entitled on remand to have the indictment dismissed.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3231–3240; Dec. Dig. § 1192.*]

2. INDICTMENT AND INFORMATION (§ 15*)—DISMISSAL—RESUBMISSION.
   Where it was evident that some one had attempted to commit rape on a female child four years old and had brutally treated her, but the indictment was dismissed because the evidence submitted to the grand jury and on the trial was held by the Appellate Division to be insufficient to identify accused, and it appeared from the affidavit of the district attorney that the people had additional evidence available, the district attorney would be required to resubmit the case to another grand jury.
   [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 86; Dec. Dig. § 15.*]

William Baldwin was indicted for rape. On motion to dismiss. Granted.

See, also, 126 N. Y. Supp. 805.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Robert W. Fisher, for defendant.
William T. Moore, Dist. Atty., for the People.

ROCKWOOD, J. The defendant has moved to have the indictment against him dismissed upon the ground that insufficient and illegal evidence was produced before the grand jury resulting in said indictment. The defendant has been arraigned upon the indictment, and afterward convicted by a jury and sentenced. The Appellate Division of the Supreme Court upon appeal has decided that the evidence before the trial jury concerning the identity of the defendant was not sufficient, and has remanded the defendant to the County Court for a new trial. 139 App. Div. 404, 124 N. Y. Supp. 433. The defendant has moved to set aside the indictment, claiming that his constitutional rights have been invaded, in that the indictment so found was not found by a grand jury upon sufficient and proper evidence. Upon the opinion of the Appellate Division, and considering that the evidence before the grand jury was not stronger for the people than that given at the trial, the court is of the opinion that the motion to dismiss the indictment must be granted, and the same is hereby granted.

The question of a resubmission of the case to another grand jury is now considered. From the affidavit presented to the court by the district attorney, and duly read, it appears that there is additional evidence still available to the people, which the district attorney desires to present to a grand jury, concerning the case. It is also evident from the evidence as previously given that a crime was committed upon the person of Myrtle Pink, an infant of about the age of four years. Whether the defendant is the person who committed the crime or not is the sole question to be determined. The evidence was sufficient before the trial court when the case was tried before a jury to show that the person of the infant had been illegally and brutally treated, and that an attempt at rape upon her person was perpetrated by some one, and that crime, one of the most heinous known to law, must be punished, providing the person who perpetrated it can be found and can be convicted. The court is of the opinion that the case is just, and should be submitted to another grand jury.

The order therefore is that the indictment is dismissed, the defendant is remanded to the custody of the sheriff to await the action of the next grand jury, unless application for bail is made, and bail fixed and given, and the district attorney is directed to present the case to the next grand jury.

NOTE.—Accused was thereafter discharged on habeas corpus by the Supreme Court. No opinion.