THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES TANAGLEA, Appellant.— Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Queens, reversed on the law and a new trial ordered. The denial of the right to examine the complainant, of the age of ten, as to her competency before being sworn as a witness affected a substantial right and was an abuse of discretion. By the Code of Criminal Procedure (§ 392) children actually or apparently under the age of twelve years may testify in any criminal proceeding without taking an oath; but such evidence is not sufficient to convict unless corroborated or supported. The preliminary determination of the capacity of the child to comprehend the obligation of an oath is conclusive of the question as to whether or not the child's testimony shall be supported to justify a conviction. While it is true, as the court ruled, that the responsibility of determining the question is with the court, as are all issues, the consequences fall on the defendant. Hagarty and Scudder, JJ., concur; Lazansky, P. J., concurs for reversal on the ground that the guilt of the defendant was not proved beyond a reasonable doubt; Young and Carswell, JJ., dissent and vote to affirm.

GEORGE ROBERTSON, Respondent, v. NED CULLEN COAL CO., INC., Appellant. — Order granting plaintiff's motion for an examination before trial affirmed, with twenty-five dollars costs and disbursements, the examination to proceed on five days' notice. No opinion. Lazansky, P. J., Young, Kapper, Hagarty and Davis, JJ., concur.

ISHAIA SHALOM, Doing Business as I. SHALOM, Respondent, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant.— Order denying motion to amend the extract of the clerk's minutes and the judgment affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Hagarty and Davis, JJ., concur.

NICHOLAS SICHENZIA, Appellant, v. THOMAS DE SIMONE, Respondent, and MICHAEL AJELLO, Defendant.— Judgment reversed on the law and a new trial granted, costs to appellant to abide the event. The issue tendered by the pleadings was whether the plaintiff made a loan of $4,000 to the defendants. At the close of the plaintiff's case the testimony adduced by the plaintiff in support of his claim was struck out, on motion, on the ground that it tended to vary the terms of a mortgage made to the plaintiff, subsequently to the transaction, by a corporation not a party to the action. One of the defenses pleaded was that the loan was made not to the defendants but to that corporation. In so far as the record discloses, the mortgage was but collateral security for the loan. Plaintiff made out a *prima facie* case amply supported by proof. The court erroneously struck out the testimony. Lazansky, P. J., Young, Kapper, Hagarty and Davis, JJ., concur.

LUELLA W. STEWART, Respondent, v. DONALD STEWART and Another, Appellants, and Others, Defendants.— Order modified by limiting the production of letters passing between the defendants and their former attorneys to those relating to the organization of Stewart Estate, Inc., and, as so modified, affirmed, with ten dollars costs and disbursements to respondent; examination to proceed on five days' notice. No opinion. Lazansky, P. J., Young, Kapper, Hagarty and Davis, JJ., concur.