THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALBERT PEARY, Defendant.

County Court, Kings County, October 9, 1936.

*Rose Rothenberg*, for the motion.

*William F. X. Geoghan, District Attorney* [*George Palmer* of counsel], opposed.

FITZGERALD, J. This is a motion to dismiss an indictment on the grand jury minutes.

The defendant is under indictment for violation of section 483-a of the Penal Law and assault in the second degree.

The witnesses before the grand jury were two girls — one under eight years of age, the complainant, the other five and a half years old.

The elder child was sworn; the younger one was not.

In addition there were a physician, the mother of the complainant, and a police officer. Their testimony was hearsay, excepting the testimony of the physician that he examined the complainant and found the hymen intact.

This motion is based upon two grounds: (a) That there is no corroboration of the complainant. (b) That the complainant was incompetent to testify because she was of such a tender age she did not understand the nature of an oath.

Section 392 of the Code of Criminal Procedure provides: " Whenever in any criminal proceedings a child actually or apparently under the age of twelve years offered as a witness does not in the opinion of the court or magistrate understand the nature of an oath, the evidence of such child may be received though not given

under oath if, in the opinion of the court or magistrate such child is possessed of sufficient intelligence to justify the reception of the evidence. But no person shall be held or convicted of an offense upon such testimony unsupported by other evidence." (Amd. by Laws of 1892, chap. 279.)

Upon a hearing before a magistrate, after a preliminary examination, he declined to swear the complainant. The same witnesses were present on that occasion as appeared before the grand jury. The defendant also testified before the magistrate. Although no witness gave any testimony under oath before the magistrate which in any way tended to prove the charge against the defendant, he was held in bail for action by the grand jury. (See Code Crim. Proc. § 392; *People* v. *O'Brien*, 74 Hun, 264, 265.)

The grand jury, after some preliminary questions, took complainant's testimony under oath.

It is urged that the testimony is not competent; that the witness had not the capacity to understand an oath as previously determined by the magistrate, and that there was no legal, competent testimony against the defendant.

If the determination of this motion hinged upon whether the complainant had the capacity to understand an oath, I should refuse to decide such a question merely from an examination of the minutes of the hearings before the magistrate and the grand jury. Opportunity to observe the child is imperative before any conclusion could be reached. The question would properly be relegated to the trial court to determine the capacity of the witness when he is called.

" At common law the capacity of a child to give evidence was determined by the trial court.   *   *   *   it was usual for the trial judge, by a preliminary examination of the child, to determine whether he had sufficient intelligence and culture to be bound in conscience and law by the obligation of an oath." (*People* v. *O'Brien, supra.*)

*People* v. *Churgin* (261 N. Y. 661), however, seems decisive of this motion.

Defendant therein had been convicted of a violation of section 483 of the Penal Law, a crime analogous to that charged in the pending indictment. The conviction was affirmed by the Appellate Division, and reversed by the Court of Appeals without opinion.

In the statement of the case by the reporter is the following: " The only eye witness of the alleged criminal acts was the complainant herself, a child ten years old at the time of the trial. Her testimony was not corroborated."

The judgment was reversed and the information dismissed on the ground that the evidence did not warrant the conviction of the defendant of the crime charged.

I have read the record on appeal in that case. The testimony of the complainant therein is much stronger and more satisfactory than the testimony herein.

The unsworn testimony of the child of five and one half years is worthless.

It seems to be settled in this department that the uncorroborated testimony of a child under twelve, even under oath, is insufficient to sustain a conviction. (*People* v. *Churgin*, 261 N. Y. 661.)

That case was decided by the Court of Appeals, April 11, 1933.

In November, 1934, the Appellate Division of this department decided *People* v. *Clemons* (242 App. Div. 846).

The report of the case is: " Judgment of conviction of the Court of Special Sessions * * * reversed on the law, information dismissed and bail exonerated. We are of opinion that the proof did not show defendant's guilt beyond a reasonable doubt. The conviction rested entirely upon the uncorroborated testimony of a twelve-year old child.

The pending indictment is based upon the uncorroborated testimony of a child under eight years of age.

It is legally insufficient.

Motion granted. Indictment dismissed.