THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ANTHONY MASIANO, Respondent.

Fourth Department, March 9, 1938.

*Daniel J. O'Mara, District Attorney* [*Harry L. Rosenthal, Assistant District Attorney,* of counsel], for the appellant.

*William S. Cucci,* for the respondent.

DOWLING, J.  A grand jury of Monroe county indicted Anthony Masiano for the crime of carnally abusing two girls, seven and eight years of age, at Rochester, about July 10, 1937, in violation of section 483-a of the Penal Law.  He was arraigned and held for trial.

The court granted Masiano leave to inspect the grand jury minutes.  Inspection disclosed the indictment had been found on the testimony of the little girls, their mothers and a police officer named Dye, and that no oath had been administered to the girls.  Masiano moved to dismiss the indictment on the ground that the girls' testimony was not supported by " other evidence " as required by section 392 of the Code of Criminal Procedure.  The motion was granted and an order was entered dismissing the indictment.  The People have appealed.

Section 392 of the Code of Criminal Procedure, in part, provides: " Whenever in any criminal proceedings a child actually or apparently under the age of twelve years offered as a witness does not in the opinion of the court or magistrate understand the nature of an oath, the evidence of such child may be received though not given under oath if, in the opinion of the court or magistrate such child is possessed of sufficient intelligence to justify the reception of the evidence.  But no person shall be held or convicted of an offense upon such testimony unsupported by other evidence."  This section applies to grand juries as well as to courts and magistrates. (*People* v. *Sexton,* 187 N. Y. 495, 514.)

Under this section Masiano cannot be " held " unless the evidence given by the girls is supported " by other evidence."  The People contend that the evidence of one child supports that of the other. We think the supporting evidence required by section 392 means " something which would be evidence apart from the statute."  The courts of this State, so far as we know, have not passed upon this

question. Courts in other jurisdictions having similar statutes have so held. (*Rex* v. *Lamond*, 58 Ont. Law Rep. 264; *Rex* v. *McInulty*, 16 Dom. Law Rep. 313; *Rex* v. *Coyle* [1926], Northern Ireland Law Rep. 208.)

Was the testimony of these children sufficiently supported " by other evidence " given under oath? We think it was. They testified that accused's daughter, who lived with him, invited them to her house on the occasion in question, that they went there and sat on the porch, that accused was in his apartment at the time, that his daughter went to the store on an errand and was gone a long time, that, after she had left, he invited them into the house, that they went in and sat together on a couch and he then committed the alleged crime. Officer Roy Dye, under oath, testified that he questioned Masiano July fourteenth or fifteenth, that Masiano said the children were in his apartment, that he was in there cooking, that " he didn't do anything to the kids," that " he might have been drinking and might have done it."

Opportunity is a factor to be considered on the question of corroboration or support. (*People* v. *Freeman*, 25 App. Div. 583; affd., 156 N. Y. 694; *State* v. *Sells*, 145 Iowa, 675; 124 N. W. 776, 778.)

In *People* v. *Grauer* (12 App. Div. 464) the accused was convicted of rape, second degree, committed upon the person of his stepdaughter, a girl of fifteen. He admitted he had fooled and wrestled with her but claimed he had never done her any harm. The court held the admissions, while not sufficient to establish the commission of the criminal act, were sufficient to satisfy the statute relative to supporting testimony.

In *People* v. *Elston* (186 App. Div. 224) the accused offered to marry a young girl he had raped and the father of whose child he was. The court held that the offer " was made because he was guilty."

In *People* v. *Bodenstein* (240 App. Div. 849) the accused was indicted for violation of section 483 of the Penal Law and of assault, third degree, upon the person of a young boy. He was convicted of the latter charge. The youth testified, under oath, against defendant at the trial. His was the only direct evidence of the principal facts of the charge. Defendant denied his guilt but admitted that the boy was at his apartment on the occasion in question. On appeal, his conviction was affirmed.

In *Rex* v. *Whistnant* (8 Dom. Law Rep. 468) the accused was convicted . of indecent assault on a girl twelve years of age. She and her sister, aged nine, gave the only direct evidence of the offense. Neither was sworn. A Mr. Butler took accused out of complainant's home following the assault. Butler was not available as a

witness on the trial. A Mrs. Henson testified she heard a scuffle outside and heard accused cry out, "I won't do it again." The court said (at p. 470): "In my opinion, under the circumstances of the case the inference that Butler had charged the accused with the offense and was berating him for it and that the accused's statement had reference to it is a perfectly justifiable one. It contains an implied admission of guilt and therefore constitutes evidence implicating the accused."

In 16 Corpus Juris (§ 1262, p. 634) the author says, in substance, where an accused makes an equivocal reply to an accusation his reply may be used against him.

In *People* v. *Hughson* (154 N. Y. 153) the court said (at p. 162) that the contradictory or inconsistent statements of the accused "properly become the subject of inquiry upon the trial."

The grand jury construed the ambiguous, equivocal statements of the accused as an implied admission of guilt on his part. This finding is supported by the testimony and is consistent with the powers of that body. "A grand jury is clothed with power to determine both the facts and the law. * * * The presumption is that an indictment is based upon legal and sufficient evidence until there is satisfactory proof to the contrary." (*People* v. *Glen*, 173 N. Y. 395, 401, 403.)

The case of *People* v. *Churgin* (261 N. Y. 661), relied on by the respondent, is distinguishable. In the *Churgin* case the child testified that while she was in the cellar alone with Churgin he exhibited his private parts to her and asked her if she had ever seen such a thing before, that she then ran out. Churgin admitted he and the child were in the cellar together but claimed he was referring to a stick which he held in his hand when he said to her "Do you see this." He denied endangering her morals. Churgin made no equivocal statements from which an implied admission of guilt might be drawn.

The little girls were examined before the grand jury to determine whether they possessed sufficient intelligence to justify the reception of their evidence though they might be too immature to be given the oath. On the showing made, the grand jury determined they were intelligent enough to give unsworn evidence. (Curtis, New York Law of Evidence, § 845; *Olshansky* v. *Prensky*, 185 App. Div. 469; *Williams* v. *Board of Trustees, Town of Eaton*, 204 id. 566; *People* v. *Klein*, 266 N. Y. 188; *People* v. *Harris*, 253 App. Div. 761; *People* v. *O'Brien*, 74 Hun, 264.)

The order appealed from should be reversed and the indictment reinstated. (*People* v. *Peary*, 249 App. Div. 851, 852.)

"  The order dismissing the indictment should be reversed and the indictment reinstated, and the motion should be denied.

'  All concur. Present — SEARS, P. J., CROSBY, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Order reversed on the law and the indictment reinstated, and motion denied.