THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH ORTIZ, Defendant.

Court of General Sessions of County of New York, April 1, 1943.

*Arthur Furst* for defendant.

*Frank S. Hogan, District Attorney* (*Robert Reynolds* of counsel), for plaintiff.

FRESCHI, J. Permission to inspect the grand jury minutes and the dismissal of the indictment is sought. The claim is made that the only testimony taken by the grand jury was that of the two children in question, both of whom are under the age of twelve years, and that there was no supporting corroboration as required under section 392 of the Code of Criminal Procedure such as warrants the finding of the indictment.

The indictment contains four counts charging sodomy, assault in the second degree and placing a child in such a situation as likely to impair its morals. It alleges that the two children in question are each eight years of age. It may be stated that the grand jury inquired, by preliminary examination (*People* v. *Klein,* 266 N. Y. 188), as to the competency and capacity of one of said children to give evidence and determined, according to the opinion of the grand jury, that said child did understand the nature of an oath and she was accordingly sworn. The other child gave unsworn testimony.

The matters in issue are controverted by the defendant's plea of not guilty. Therefore, the credibility of the claim of the child giving the sworn testimony, its weight and effect, present a justiciable issue which is for the trial court. Whether or not the said child's testimony would justify a conviction is another matter. (*People* v. *Tanaglea,* 241 App. Div. 823).

Section 392 of the Code of Criminal Procedure applies to grand juries as well as to courts and magistrates. (*People* v. *Masiano,* 253 App. Div. 454, 455.) Children under the age of twelve years may testify in a criminal case without taking an oath (*People* v. *Tanaglea, supra*). However, the grand jury, being a distinct body, has power in its discretion to determine for itself the qualifications of witnesses of tender years provided the statutory safeguards are observed (*People* v. *Baldwin,* 139 App. Div. 404, 405), and may in a proper case administer an oath. The responsibility of determining the question is with that body for its own purposes. The unsworn testimony of a child under twelve years of age, standing alone, as a basis for the grand jury's indictment, I must agree is insufficient.

The sworn testimony of a child before the grand jury, as here, may be *prima facie* sufficient to establish the offense charged within section 258 of the Code of Criminal Procedure where the testimony adduced is uncontradicted and unexplained. The defendant's version of the incident was not presented nor was there any other evidence. To quote from *People* v. *Peary* (249 App. Div. 851, 852, revg. 161 Misc. 30): " In such a situation it may well be that a defendant's guilt may not be deemed to

be established beyond a reasonable doubt; yet the selfsame evidence adduced on behalf of the complainant before the grand jury, without the defendant's version of evidence adduced on behalf of the defendant, would be *prima facie* sufficient to establish the offense charged." (See, also, *People* v. *Smith*, 86 Hun 485, 487, 489.)

It is not required to exact the full measure of proof necessary to secure a conviction, although the evidence must be sufficient for the purposes of the indictment. (*People ex rel. Rao* v. *Warden*, 170 Misc. 834, 835.) But when a child under twelve years of age is permitted to testify under oath in a criminal case, it becomes the duty of the jury to weigh the testimony, with the right to take into account, upon the question of its credibility, the age and intelligence of the witness. (*People* v. *O'Brien*, 74 Hun 264.)

The minutes of the grand jury are before me and have been examined. They constitute the basis for this decision. In my judgment, I find that there has been a compliance with the statute and the testimony does not conflict with established legal rules. (*People* v. *Sexton*, 187 N. Y. 495.)

Motion denied.