JOHN CRONIN, Plaintiff, *v.* INTERNATIONAL UNION OF ELECTRICAL RADIO AND MACHINE WORKERS, LOCAL 465, C. I. O., Defendant.

Supreme Court, Special Term, New York County, October 15, 1952.

*John J. Lynch* for plaintiff.
*Louis Monas* for defendant.

EDER, J. Motion No. 498 for an injunction *pendente lite* is granted, and cross motion No. 527 to dismiss the complaint for alleged insufficiency in that there is a labor dispute involved herein and that section 876-a of the Civil Practice Act has not been complied with, is denied. Bond $500.

Insofar as the motion to dismiss is concerned, it involves purely questions of law and affidavits cannot be utilized upon such a motion. Moreover, the " affidavit " of the attorney for defendant is nothing more than legal argument, with citation of authorities and quotations therefrom and is, in reality, a law brief. The courts have heretofore expressed specific disapproval of this practice of submitting " affidavit-briefs ", a fact of which counsel should be apprised if not aware thereof. These affidavits are not to be enumerated on this motion to dismiss; they are rejected and the clerk is directed to physically delete these affidavits and to transfer the affidavit of James Cogiano, defendant's president and enumerate same as submitted in opposition to the motion for injunction. The so-called affidavit (brief) of defendant's attorney is rejected and considered only as a brief for defendant on both motions. Counsel is advised against a repetitious indulgence.

As to the facts. Plaintiff conducts a store for the sale of liquors and malt beverages at retail. He has two electrical machines on the premises, one a musical record machine, commonly referred to as a " juke box ", which is leased by him and when it requires attention is serviced by Local 786, A. M. S. E. U., of the A. F. of L. The other machine is an electrically operated miniature bowling alley, which, when it requires attention, is serviced by plaintiff himself.

The plaintiff has no employees for the service mentioned.

It is made clear from the submitted record that the defendant, which is a C. I. O. organization, has determined to coerce the plaintiff into jettisoning the A. F. of L. union, which now services the " juke box " machine, and substituting the defendant therefor or to employ as a full-time mechanic for the purpose one of defendant union members.

Plaintiff has declined to do so, and thereupon the defendant has proceeded to picket in front of plaintiff's place of business; one of its members carries a sign reading in part: " Please do not patronize the electrical amusement machines on the premises. The machine is not serviced and maintained by members of Local 465, C. I. O., International Electrical Radio and Machine Workers ".

The picketing continues to date. There is no justification for the conduct of defendant.

Firstly, in the opinion of the court there is no labor dispute involved as contemplated by the statute. Plaintiff has the legal right to operate his business without hiring any *" employees "* to render any electrical service; he has the right to engage *" service "* on each occasion as required and as he does. He cannot be picketed for the purpose of compelling him to get such service from a particular or rival union. When this practice is resorted to, it may be restrained when accompanied by false and misleading announcement to the public, conveying the false impression that plaintiff resorts to a nonunion service, when in truth and fact he does not. This is particularly harmful to plaintiff whose customers are sympathetic to labor, of which fact the defendant seems well aware.

If the defendant intended to be straightforward and honest, it would have stated the full truth instead of resorting to half truth. It is true that the juke box is not serviced by members of defendant *union.* So the public is told. But it is an unfair and dishonest practice to convey the impression that plaintiff employs *nonunion* service for that purpose. Simple honesty required the defendant to state that plaintiff employs *union* service obtained from a labor union but one affiliated with the A. F. of L. and let the public and plaintiff's patrons make their own decision.

The court is of the opinion that the cases of *Thompson* v. *Boekhout* (273 N. Y. 390, 393) and *Gips* v. *Osman* (170 Misc. 53, affd. 258 App. Div. 789) present a comparable situation and that no " labor dispute " is involved, and upon the factual situation disclosed plaintiff is entitled to the injunction sought.

It follows that the motion to dismiss the complaint must be denied. Settle order.