Herbert D. Hamm, J.
This is a motion by the defendant to inspect the Grand Jury minutes and to dismiss the indictment against him. “ It is enough to justify the granting of a motion for inspection if facts be shown from which there is reason to believe that the evidence before the Grand Jury is insufficient or illegal (cf. People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 31, per Cardozo, Ch. J.). On such a motion the judge is authorized to read the minutes of the Grand Jury.” (People v. Howell, 3 N Y 2d 672, 675.)
I have read the minutes.
Section 392 of the Code of Criminal Procedure provides: “ The rules of evidence in civil cases are applicable also to criminal cases, except as otherwise provided in this code. Whenever in any criminal proceedings a child actually or apparently under the age of twelve years offered as a witness does not in the opinion of the court or magistrate understand the nature of an oath, the evidence of such child may he received though not given under oath, if, in the opinion of the court or magistrate such child is possessed of sufficient intelligence to justify the reception of the evidence. But no person shall be *89 held or convicted of an offence upon such testimony unsupported by other evidence. ’ ’
It may be observed that the statute provides: “no person shall be held (emphasis supplied) or convicted ”. The statute also provides that unsworn testimony may he received only ‘ ‘ if, in the opinion of the court or magistrate such child is possessed of sufficient intelligence to justify the reception of the evidence.”
Section 392 of the Code of Criminal Procedure applies to grand juries as well as to courts and magistrates (People v. Sexton, 187 N. Y. 495, 514; People v. Masiano, 253 App. Div. 454, 455; People v. Baldwin, 139 App. Div. 404, 406; People v. Ortiz, 180 Misc. 879, 880). The minutes of the Grand Jury are devoid of any evidence that the Grand Jury made investigation as to the intelligence and qualification of an eight-years-old girl to testify. Section 395 of the Code of Criminal Procedure provides: “ A confession of a defendant * * * can he given in evidence against him * * * ; but is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed.” If her evidence was illegally received and the only evidence legally received was the defendant’s alleged statements, it could be urged that there was an absence of the ‘ ‘ additional proof ’ ’ required. I do not pass on this issue but the defendant should have an opportunity to raise it on a motion to dismiss. The motion for inspection of the Grand Jury minutes is granted.
As the indictment has been transferred to County Court, the motion to dismiss it must be denied without reference to the merits (Matter of Schneider v. Aulisi, 307 N. Y. 376, 383; People ex rel. Hirschberg v. Supreme Court, 269 N. Y. 392, 395; People v. Salamone, 221 App. Div. 758, 759; People v. Smythe, 171 Misc. 347).
Submit order to Troy on three days’ notice. The motion papers will he forwarded with the signed order. The Grand Jury minutes will be returned by registered mail to the District Attorney.