Thomas Dickens, J.
The information ordered to be filed by the Grand Jury charges defendant with immoral acts (endangering life and health, and impairing morals) and with simple assault committed upon two boys, six and eight years of age, respectively. *706 Both boys testified at the Grand Jury hearing but without oath. No “ other evidence ” appears in support of their stories. (Code Crim. Pro., § 392.) Of course, the testimony of neither boy can corroborate the testimony of the other. (People v. Masiano, 253 App. Div. 454.)
The testifying detective’s testimony relative to the incident, on the subject of corroboration, is nil. It amounts to no more than seeing one of the boys “ straddled between his [defendant’s] two legs ” (defendant was seated in a public place), and also seeing the other boy “ standing next ” to defendant; but there is not one word to indicate that defendant was doing anything immoral to the boys. If this tableau could be termed suspicious, it is not enough, for suspicion does not make out a prima facie case. (People v. Fleckenstein, 27 Misc 2d 728.)
As to the questioning of defendant by the detective, subsequently, at the station house while defendant was under arrest, it brought forth only the one response, and that was a refusal to answer and a demand to see a lawyer. This stand was unquestionably defendant’s legal right as one under arrest. (People v. Rosenberg, 276 App. Div. 547.)
The foregoing resumé of the highlights, reflective of potential corroboration, does not meet the standard of corroboration of every material fact essential to constitute the crime as is required in a case of this kind. (See People v. Oyola, 6 N Y 2d 259, 263 ; People v. Fazio, 5 N. Y. S. 2d 195 ; see, also, People v. Porcaro, 6 N Y 2d 248 ; People v. Haber, 12 N. Y. S. 2d 406.) The information is, therefore, dismissed.