J. Kenneth Servé, J.
The defendant Rodriguez was jointly-indicted by the Orleans County Grand Jury with Rafael Negron Carde for the crime of murder in the first degree, and he has made an application for an order permitting himself and his attorneys to inspect the minutes of the Grand Jury which presented the indictment, to enable the defendant to move to set aside the indictment, or in the alternative, to dismiss the said indictment on the ground that the same is contrary to law, illegal and invalid, in that the same was not founded upon sufficient or adequate evidence.
As a basis for the motion, the defendant alleges that there was unnecessary delay in taking him before a Magistrate following his arrest, in violation of the provisions of section 165 of the Code of Criminal Procedure, and that, during such time, alleged confessions were obtained from him before he was advised of his rights to counsel or had an opportunity to consult counsel. He further claims that he believes an alleged confession or confessions were introduced in evidence before the Grand Jury and formed the basis of the indictment against him.
Unnecessary delay in arraigning the defendant before a Magistrate does not in and of itself invalidate a confession. The question as to whether or not a confession is voluntary cannot be tested upon a motion to inspect the minutes of the Grand Jury or on a motion to dismiss an indictment prior to trial. The issue, as to whether or not a confession is voluntary, because of noncompliance with the provisions of section 165 of the Code of Criminal Procedure, is to be determined at the time of the trial (People v. Scanlon, 37 N. Y. S. 2d 599). Counsel for the defendant raises the additional point that, if the alleged admissions were made by the defendant, they were made prior to the time that he was advised of his right to counsel or had an opportunity to consult counsel, and consequently such admissions are inadmissible in evidence. There is no obligation upon the part of the police officer to advise the defendant of his right to counsel, as this duty rests upon the Magistrate before whom the defendant is arraigned (People v. Randazzio, 194 N. Y. 147 ; Code Crim. Pro., § 188). Admissions of one accused of crime are not inadmissible solely because the person did not have counsel to advise him of his constitutional rights against self incrimination (People v. Harrington, 9 Misc 2d 216).
*310 An examination of the Grand Jury minutes is not permitted merely to inform the defendant of the evidence upon which the indictment is based (People v. Mitchell, 140 Misc. 869). In order to justify the granting of a motion for the inspection of the Grand Jury minutes, it is enough if facts be shown from which there is reason to believe that the evidence before the Grand Jury is insufficient or illegal (People v. Howell, 3 N Y 2d 672). An examination of the Grand Jury minutes should be permitted only where the court is satisfied that the dismissal of the indictment is fairly arguable (People v. Mitchell, supra ; People v. Carver, 173 Misc. 71 ; People v. Fort, 141 N. Y. S. 2d 290).
Upon a motion to inspect the minutes of the Grand Jury, the court is authorized to read the same (People v. Howell, supra). This court has examined the minutes of the Grand Jury and has come to the conclusion that the defendant Rodriguez be accorded an inspection of such minutes to the end that a proper motion based upon the testimony of the witnesses appearing before the Grand Jury might be made for a review of the sufficiency of the evidence upon which the indictment was found, and to enable this court on such motion to determine whether the indictment should stand or fall. The application of the defendant to inspect the minutes of the Grand Jury is hereby granted.