THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DONALD JAMES GREENWOOD, Appellant.

Fourth Department, February 20, 1964.

*Walter J. Embser* for appellant.

*Joseph A. Ryan, District Attorney* (*Michael R. Canestrano* of counsel), for respondent.

*Per Curiam.* The defendant has been convicted of a violation of section 483-a of the Penal Law. This appeal raises the question as to whether there was proof that the crime charged had been committed, independent of an alleged confession of the defendant given to law enforcement agents and an alleged admission made to the eleven-year-old sister of the claimed victim, as required by section 395 of the Code of Criminal Procedure. That section reads as follows: " A confession of a defendant, whether in the course of judicial proceedings or to a private person, can be given in evidence against him, unless made under the influence of fear produced by threats, or unless made upon a stipulation of the district attorney, that he shall not be prosecuted therefor; but is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed."

Admissions to private persons as well as confessions to law enforcement agencies must be corroborated. (*Opper* v. *United States,* 348 U. S. 84; Ann. 45 A. L. R. 2d 1308.) Before a confession or admission of a defendant may be used against him, there must be direct or circumstantial evidence sufficient to establish the corpus of the crime charged. It is not required to be full and positive proof excluding any reasonable hypothesis except guilt but there must be some additional proof of whatever weight that the crime charged was in fact committed. Evidence which merely tends to corroborate the truth of an admission or confession is not sufficient. (*People* v. *Cuozzo,* 292 N. Y. 85.) Nor may an admission or confession be used to support one another in supplying the required corroboration. (*People* v. *Masiano,* 253 App. Div. 454.) We conclude here that there is no proof independent of the confession and admission which establishes the corpus of the crime charged. We do not reach or pass upon the question as to whether there is sufficient corroborative proof to permit use of the alleged

confession and admission if the appellant had been charged and convicted of a violation of section 483 of the Penal Law.

The judgment of conviction should therefore be reversed and the indictment dismissed.

WILLIAMS, P. J., GOLDMAN, HENRY and NOONAN, JJ., concur.

Judgment unanimously reversed on the law and indictment dismissed.