Edward O. Provenzano, J.
Defendant has moved, upon three affidavits, upon the indictment, and upon the prior proceedings herein, for threefold relief: (1) suppression of physical evidence allegedly seized at the time of his arrest; (2) suppression of “ any statements obtained or induced ”; and (3) inspection of the Grand Jury minutes, and, if such inspection reveals receipt by the Grand Jury of illegally obtained evidence, dismissal of the indictment.
Not having been apprised of the crime or crimes with which the defendant is charged, the court, by resort to records on file, has determined that, by indictment filed February 26, 1972, defendant stands accused of criminal possession of a dangerous drug in the third degree, in violation of section 220.20 (subd. [b], par. [iv]) of the Penal Law, a Class C felony.
Other than a reference in his notice of motion to CPL article 710, defense counsel has offered neither statutory nor case law of any kind to support the modes of relief he requests.
The District Attorney, on the other hand, has submitted a reply affidavit which contains no facts whatsoever to justify either the refusal or the granting of defendant’s requests. An affidavit is a statement of evidentiary facts under the sanction of an oath. The District Attorney’s affidavit here is nothing more than a memorandum of law, made under oath. This is a practice which is decidedly improper and has been specifically disapproved of by the courts. (See Taylor v. African M. E. Church, 265 App. Div. 858; People v. Mir asola, 35 Misc 2d 886; Cronin v. International Union of Elec. Radio & Mach. Workers, 203 Misc. 196.)
*222 The affidavits of the defendant and a companion who allegedly witnessed a police search and seizure, set forth facts which, if provable, would render questionable, at least, the actions of the police. The District Attorney, as previously stated, hqs proffered no counter facts, but has merely consented to an evidentiary hearing thereon prior to trial. Such consent, while it does not entitle defendant to suppression of the evidence, does permit him a hearing for that purpose. (People v. Seligman, 55 Misc 2d 47.) Therefore, as is the customary practice in this court, it is hereby directed that a suppression hearing, pursuant to CPL 710.20 (subd. 1) and 710.60 (subd. 4), be conducted by the Trial Judge prior to the commencement of the trial herein.
Nowhere does it appear that the People have served upon the defendant a notice of intent, pursuant to clause (a) of subdivision 1 and subdivision 2 of CPL 710.30. While such notice may, in fact, have been served, neither counsel has seen fit to advise the court thereon. Prior to the enactment of the CPL, a motion for suppression of statements or confessions would be denied as premature in the absence of such notice. (People v. Seligman, supra.) Under the new procedure, however, it appears that such a motion may be made even without service of such notice. (See CPL 710.30, subd. 3.)
Here, too, the District Attorney has merely consented that a Huntley hearing be held before trial. But here, despite such consent by the People, it must be held that defendant is entitled to no such hearing. The statute (CPL 710.60, subd. 1) provides that the defendant, moving for suppression, must, in writing, state the ground or grounds of the motion and set forth sworn allegations of fact supporting such grounds. Nowhere, in any of the papers before this court, does it appear that the defendant made any statement to the police, or, in fact, that he even spoke to them. Lacking such a basic allegation, defendant could not possibly comply with subdivision 1 of CPL 710.60, and he has not done so. Parties cannot, by consent, invoke the offices of the court where no facts are presented to warrant exercise of the court’s jurisdiction. This portion of defendant’s motion is summarily denied, pursuant to paragraph (a) of subdivision 3 of CPL 710.60, without prejudice to renewal upon a proper showing.
A motion to inspect the Grand Jury minutes is not the proper vehicle to test the legality of a search and seizure. (People v. Gentile, 20 A D 2d 412; People v. Nassar, 59 Misc 2d 1034 [citing collected cases]; People v. Mitchell, 51 Misc 2d 82.) This is because it cannot always be determined from an inspection of *223 Grand Jury minutes whether or not the evidence presented was lawfully obtained. (People v. Atkins, 221 N. Y. S. 2d 780.)
Alleged illegality of a search and seizure is the only ground raised in the moving papers. Moreover, nowhere therein is the requisite basic allegation that there is reasonable cause to believe that the Grand Jury evidence was not legally sufficient to support the indictment. (See GPL 210.30, subd. 2.)
The foregoing would normally suffice to deny the motion to inspect, without prejudice, were it not for two additional factors. Firstly, the District Attorney has submitted to the court for examination, the Grand Jury minutes. Secondly, subdivision 4 of CPL 210.30 appears to authorize the court to inspect the minutes any time a motion is made therefor, regardless of whether “reasonable cause” has been shown. (See, also, McKinney’s Cons. Laws of N. Y., Book 11A, CPL 210.30, Practice Commentary.)
Regarding voluntary submission by the District Attorney of the Grand Jury minutes, it has been held that while such a practice “may be useful”, it should be adopted only where the case is doubtful. (See People v. Klinger, 165 Misc. 634.) This court is also mindful of section 325 of the Judiciary Law, providing that neither the Grand Jury minutes, nor a copy thereof, nor any portion thereof, shall be taken from the office of the District Attorney except upon written order of the court.
The Practice Commentary to CPL 210.30 (supra) states that the section adopts the ruling of People v. Howell (3 N Y 2d 672). There, the Court of Appeals stated (p. 675): “ It is enough to justify the granting of a motion for inspection if facts be shown from which there is reason to believe that the evidence before the Grand Jury is insufficient or illegal * * * On such a motion the judge is authorized to read the minutes of the Grand Jury ’ ’. Some courts, citing only the last sentence above quoted, appear to have held that the court was entitled to inspect the minutes any time a motion therefor was made. (See People v. Rodriguez, 28 Misc 2d 308; People v. Salvato, 12 Misc 2d 88.) Clause (b) of subdivision 4 of CPL 210.30 may, in fact, have derived from such decisions, but this court does not interpret Howell as granting such blanket authorization to the trial court. This court deems that the last sentence above cited from that decision cannot be read alone and apart from the sentence preceding it. Applying the same reasoning to clause (b) of subdivision 4 of CPL 210.30, this court cannot believe that the Legislature intended that a defendant might gain court inspection of Grand Jury minutes merely by presenting to the court any sort of motion papers so denominated.
*224 ‘ ‘ If the court is going to assume authority in all cases, regardless of the sufficiency of the moving papers, then we would be establishing a practice of inquiring into the validity of all indictments, and the multiform situations thus presented would create an endless amount of work for the prosecuting authorities and the court with much incidental delay in the disposition of criminal cases.” (People v. Doe, 47 Misc 2d 975, 979).
Reason and sound practice dictate that, at the very least, there must he an allegation that there is reasonable cause to believe that the Grand Jury evidence was legally insufficient, together with a recitation under oath of some facts at least colorably tending to support the allegation. Subdivision 2 of CPL 210.30 seems to demand as much as a prerequisite to the court’s consideration of the motion. As previously stated, the motion papers before the court do not meet the basic requirements.
For the foregoing reasons, this court specifically declines to consider the Grand Jury minutes, and is herewith returning them to the District Attorney, along with a copy of this decision.
Accordingly, defendant’s motion for inspection is denied, without prejudice, to renewal thereof upon a proper showing.