Marshall E. Livingston, J.
This is a motion to dismiss the complaint, pursuant to subdivision (a) of CPLR 3211 on the following grounds: (1) another action pending, (2) no cause of action stated under CPLR 6330, (3) CPLR 6330 is unconstitutional and, therefore, an action brought pursuant to it must be dismissed, and (4) as alternative relief that this action be stayed or held in abeyance until the indictments against the defendant Smeal and others have been finally determined.
This action is brought pursuant to CPLR 6330 to enjoin the defendants from the sale or distribution or further distribution or acquisition or possession within the State of New York of the motion picture entitled, “ The Devil in Miss Jones ”, and specifically that the defendants be enjoined from exhibiting the motion picture within the County of Monroe.
CPLR 6330 was added by section 8 of chapter 545 of the Laws of 1971, effective September 1, 1971, and is derived from section 22-a of the former Code of Criminal Procedure, which code was supplanted by the Criminal Procedure Law and became effective September 1,1971. Although section 22-a was contained in the Code of Criminal Procedure, it, nevertheless, provided for injunction as a civil remedy and provided for no criminal prosecution or .penal sanctions whatever.
Section 1 of chapter 826 of the Laws of 1972, effective August 31, 1972, among other things, amended subdivision 1 of CPLR 6330 by adding the words “ motion picture” to those things for which a District Attorney might bring an action to enjoin the sale or distribution of in the manner in which this action was brought.
Defendant’s contention that CPLR 6330 is unconstitutional is erroneous. Its practically identical predecessor, section 22-a of the Code of Criminal Procedure, was specifically held constitutional in the case of Brown v. Kingsley Books (1 N Y 2d 177) which the United States Supreme Court subsequently affirmed sub nom. Kingsley Books v. Brown (354 U. S. 436). In construing section 22-a the Court of Appeals said (p. 182) an injunction lies “ after a full trial of the issues, and only upon a finding that the challenged publication is of the same character as would subject the- defendant to punishment under the pertinent provisions of the Penal Law. What the statute does is to pro *731 vide an additional sanction against the dissemination of obscene matter.”
Now to a discussion of defendants’ other contentions. In the first place, the court must note that defendant’s affidavit in support of the motion is mostly legal argument, replete with citations and discussion of the cases cited. It amounts to an “ affidavit-brief ” and is unsatisfactory as a basis for setting forth facts to support the motion. This practice is disapproved (Taylor v. African M. E. Church, 265 App. Div. 858; Matter of Albin, 35 Misc 2d 322; People v. Buckman, 70 Misc 2d 220). (See, also, Tripp, a Guide to Motion Practice [1949 rev. ed.], p. 15; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3212:05; 1 Leichter, Civil Motion Practice, § 17.01).
Having held CPLR 6330 constitutional, I will discuss the grounds for dismissal or holding this case in abeyance in the order presented by defendants.
It is true that there are other actions pending in City Court over an arrest for an alleged violation of section 235.00 of the Penal Law or merged with indictments in County Court arising out of alleged violations of the same section. However, the only party who is the same is the individual defendant Smeal in the present action. Some of the corporate officers of the corporate defendant in this case have been indicted, but they, individually, are not parties to this CPLR 6330 action.
Defendants’ argument that there are First, Fifth and Fourteenth Amendment violations is specious. Plaintiff in this action is not required to call the defendant Smeal nor the corporate officers of the defendant Yorkview Theater, Inc. in order to proceed, nor do Messrs. Smeal, Bochis and Nitke have to testify. The defense would seem to be that the redeeming social values of the picture outweigh the obscenity, thus expert testimony would be important (cf. People v. Richmond County News, 9 N Y 2d 578). But it should be noted in Richmond (supra) and in Brown v. Kingsley Books (1 N Y 2d 177, supra), the judgment was made only after a full hearing pursuant to CPLR 6330 or section 22-a of the Code of Criminal Procedure, as it was formerly denominated.
The argument that the complaint does not allege ‘ ‘ immediate and irreparable injury” is untenable (CPLR 6301). CPLR 6301 provides in substance that a preliminary injunction may be granted where defendant is doing or threatens to do an act which would enjoin the plaintiff or violate a law, to wit CPLR 6330.
The question of irreparable or immediate injury addresses itself to a “ temporary restraining order ” which has not been *732 granted here. The Supreme Court in a previous order in this action (Feitsch, J., April 25, 1973, now on appeal) granted a preliminary injunction, “ pending the trial and determination of the above entitled action ”.
In addition, under CPLR 6330 it is not required that the action allege “irreparable injury” as argued by defendants. The statute itself sets up the proceeding whereby an immediate hearing, without a jury, be held, a prompt decision rendered, and the judgment delivered as to whether or not an injunction against the alleged obscene material shall be granted.
Defendants ask for a stay of the present action until the criminal matters be determined. This would be futile. A trial of the City Court or County Court arrest and indictments would only result in penal sanctions against the individual defendants, if convicted. Defendants in this action urge this would cause the picture to be outlawed as contraband. Tdo not so view the import of a conviction.
On the other hand, if the present suit is heard and determined as CPLR 6330 provides, it is axiomatic that on a determination favorable to the defendants, that the pending criminal prosecutions would be dismissed, and should the District Attorney win, the permanent injunction would prevail, and under such circumstances, dicta it may be, but judgment would indicate that having secured his primary objective, the District Attorney would move to dismiss the pending criminal charges as moot.
Submit order, denying the motion and continuing the preliminary injunction.