Irving Lang, J.
The defendant, Kenneth Curtis, was indicted and charged with the crimes of attempted rape in the first degree and sexual abuse in the first degree. He moves for an inspection of the Grand Jury minutes and for a dismissal of the indictment on the grounds the evidence presented to the Grand Jury was legally insufficient to support these charges.
The motion papers sufficiently setting forth a factual basis and this being a proper case for inspection, the court has read the Grand Jury minutes. They reveal that four witnesses gave testimony. The complainant’s mother testified as to her daughter’s age. The arresting officer testified that the defendant was known by the nickname provided him by the complainant. *129 The only testimony tending to connect the defendant with the crimes was the testimony of the complainant, aged six and another witness, aged nine. No attempt was made to swear the complainant and she testified without oath. The District Attorney attempted to swear the other witness, but when it became obvious to him that she could not understand the nature of an oath, she, too, testified unsworn. There was no evidence presented, sworn or unsworn, to indicate trauma or physical injury.
At the onset, the court notes that the District Attorney had to meet two separate and independent corroboration requirements in bis presentment to the Grand Jury: Due to the nature of the crimes charged, corroboration of the complainant’s testimony as to an attempt to engage in sexual intercourse and the identity of the alleged perpetrator was required pursuant to section 130.15 (subd. 1, par. [a]; subd. 2) of the Penal Law; and since the complainant testified without oath, corroboration of that testimony was required by GPL 60.20, which, in its pertinent part, provides:
“2 Every witness more than twelve years old may testify only under oath. A child less than twelve years old may not testify under oath unless the court is satisfied that he understands the nature of an oath. If the court is not so satisfied, such child may nevertheless be permitted to give unsworn evidence if the court is satisfied that he possesses sufficient intelligence and capacity to justify the reception thereof.
“3 A defendant may not be convicted of an offense solely upon the unsworn evidence of a child less than twelve years old, given pursuant to subdivision two. ’ ’
These two statutes are applicable to Grand Jury proceedings (People v. Thompson, 30 N Y 2d 971 [Penal Law, § 130.15]; and see People v. Masiano, 253 App. Div. 454 [unsworn testimony]).
The two issues presented in this case are unique and are apparently of first impression:
(1) May unsworn testimony constitute “ other evidence ” in satisfaction of the statutory corroboration requirements? (2) Is an indictment legally sufficient where the only evidence which connects the defendant with the commission of the crimes charged is unsworn testimony of witnesses under the age of 12?
The rules of evidence which require corroboration of other testimony are applicable in a very limited number of cases and are embodied in both our Penal Law and Criminal Procedure Law. While the corroboration requirements under both these statutes demand the same standards of sufficiency — it must tend to show the probable truth of the initial testimony and estab *130 fish all the elements of the crime — under the Penal Law, corroboration is required due to the nature of the crime (Penal Law, § 255.30 [adultery and incest]; Penal Law, § 115.15 [criminal facilitation]; Penal Law, § 165.65 [criminal possession of stolen property]; Penal Law, § 260.11 [endangering the welfare of a child]; Penal Law, '§ 210.50 [perjury]; Penal Law, § 230.35 [promoting prostitution]; and Penal Law, § 130.15 [certain sex offenses]). The Criminal Procedure Law, on the other hand, requires corroboration due to the nature of the witness (CPL 60.50 [statements of the defendant]; CPL 60.22, suhd. [1] [testimony of an accomplice] and CPL 60.20, subd. [3] [unsworn testimony]).
It is clear that if a complainant testifies without oath, but the corroborative evidence is sworn, that would be sufficient (People v. Ortis, 180 Misc. 879; People v. Masiano, 253 App. Div. 454, supra). Thus sworn testimony, even though supplying the minimal corroboration required by law, would be sufficient to bolster the unsworn evidence in chief.
Conversely, although there is a paucity of cases on the issue, it would seem logical that unsworn corroborative testimony would be sufficient to justify a conviction where the evidence in chief (i.e. the complainant’s testimony) was sworn. (See People v. Palladino, 237 N. Y. S. 2d 266.)
I hold therefore that unsworn testimony may be sufficient to satisfy the corroboration required by section 130.15 of the Penal Law.
However, we are dealing here with a case where the only evidence connecting this defendant with the crime, both in chief and in support thereof, was unsworn testimony. In such a situation the fact that this is a sex case to which section 130.15 of the Penal Law is applicable makes the corroboration requirements of that penal statute only a surface issue.
The critical and dispositive issue is whether unsworn evidence, no matter the number of witnesses who give it, is sufficient to support an indictment, regardless of the nature of the crime charged.
The general rule, long established at common law and presently embodied in CPL 60.20, is that a witness may only testify under oath (Curtis v. Strong, 4 Day 51, 56 [Conn.]; Richardson, Evidence i[9th ed.], § 406). The theory of the oath has its origins in Germanic law and custom, where, as in all early civilizations, the appeal to the supernatural played an important part in the administration of justice. The early Germanic modes of trial consisted largely-in a reference to the Judicium Pei, the oath *131 being regarded as a summoning of divine vengeance upon a person who swore falsely (6 Wigmore, Evidence, § 1815).
The modern concept of the oath is somewhat more subjective. It is intended as a method by which to impress upon a witness a due sense of his religious, moral and ethical obligation to speak the truth and to put him in a frame of mind which will appeal to his obligation to do so. As to those witnesses without morals, it places them in fear of the legal sanctions that can be imposed for lying.
The concept of the oath is so ingrained in our judicial system, that it may well be a constitutional requirement under due process. We need not reach this point here since I find that under our statutory and case law, an indictment may not be based solely upon unsworn testimony and the unsworn testimony of one witness is insufficient to corroborate the unsworn testimony of another in satisfaction of GPL 60.20.
While this court’s research has not revealed any cases deciding this issue under GPL 60.20, there are numerous dicta in cases decided under section 392 of the Code of Criminal Procedure, the predecessor and substantially identical statute to GPL 60.20 which support such conclusion.
In People v. Masiano (253 App. Div. 454, supra), the defendant was charged with the carnal abuse of two girls, aged 7 and 8. Both testified without oath. Amongst other contentions, the prosecution relied on the testimony of each child to support the testimony of the other. While finding the indictment sufficient because the sworn testimony presented sufficiently corroborated the unsworn testimony, the court noted that the supportive evidence contemplated by section 392 of the Code of Criminal Procedure was ‘ ‘ ‘ 'Something that would be evidence apart from the statute ”’(p. 455).
In People v. Ortiz (180 Misc. 879, 880) the court also found the sworn testimony corroboratively sufficient and noted “ The unsworn testimony of a child under twelve years of age, standing alone, as a basis for the grand jury’s indictment, I must agree is insufficient ”.
In People v. Norris (28 Misc 2d 705, 706) the court again held that the unsworn testimony of two infants was insufficient to corroborate each other and after examining the 1 ‘ ‘ other evidence ’ ” presented further found the corroboration evidence was also insufficient. (See, also, People v. Nolan, 2 A D 2d 144.)
These cases make it clear that where unsworn evidence is received, the court must look to the sufficiency of the other sworn *132 evidence presented and the indictment or conviction will stand or fall upon such other sworn evidence.
Since no sworn evidence was presented to support the unsworn witnesses’ testimony, the indictment is legally insufficient.
Accordingly, the motion to dismiss is granted and the indictment is dismissed.