■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD LATHAM, Appellant.—Appeal by the defendant from a judgment of County Court, Orange County (Pano Patsalos, J.), rendered April 19, 1988, convicting him of rape in the first degree (two counts), sodomy in the first degree (four counts), sexual abuse in the first degree (two counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged and convicted of raping, sodomizing and sexually abusing a 7-year-old girl and her 10-year-old sister. At the time of the incidents, the girls were 5 and 8 years old, respectively. The defendant claims that it was error to take the testimony of the 7-year-old complaining witness under oath. He further contends that the unsworn testimony of the then 10-year-old complaining witness was not sufficiently corroborated. We disagree.

CPL 60.20 (2) provides that a child less than 12 years old may not testify under oath unless the court is satisfied that he or she understands the nature of the oath. The ability to understand the nature of an oath is individualistic and is to be determined by the infant's capacity and intelligence, his or her appreciation of the difference between truth and falsehood, and his or her duty to tell the former *(see, People v Nisoff,* 36 NY2d 560, 566). The court's preliminary examination of the witness revealed that she was alert and understood the difference between telling the truth and telling a lie. She also understood what an oath was and the seriousness of

telling the truth under oath. Thus, the trial court's decision to permit her to testify under oath was not an improvident exercise of discretion and should not be disturbed *(see, People v Fernandez,* 138 AD2d 733). We further find that the unsworn testimony of the 10-year-old complainant was sufficiently corroborated by the sworn testimony of her sister and the People's medical expert who examined both complainants *(see, People v Curtis,* 76 Misc 2d 128, 130; *cf., People v St. John,* 74 AD2d 85).

We find the defendant's remaining contention to be without merit. Thompson, J. P., Lawrence, Kunzeman and Rosenblatt, JJ., concur.