The People of the State of New York, Respondent, *v.* Kenneth P. Nolan, Appellant.

Fourth Department, July 11, 1956.

*Thomas P. Flaherty* for appellant.

*John F. Dwyer, District Attorney* (*Leonard Finkelstein* of counsel), for respondent.

*Per Curiam.* The defendant after a jury trial has been convicted of the crime of carnal abuse upon two female children each approximately six years of age contrary to section 483-a of the Penal Law.

The only testimony as to the acts constituting the crime other than that contained in the alleged statement, which will presently be referred to, is the unsworn testimony of the two little girls the alleged victims of the crime. Section 392 of the Code of Criminal Procedure permits the taking of unsworn testimony of an infant under the age of 12 years under certain circum-

stances outlined in the section. The section provides, however, '' But no person shall be held or convicted of an offence upon such testimony unsupported by other evidence ''. The '' other evidence '' offered here to meet compliance with the statute is an alleged confession contained in a typewritten statement allegedly signed by the defendant after he had been taken into custody by the State police. When this statement was offered in evidence at the trial defendant's counsel objected to its receipt in evidence stating '' we are prepared to go ahead with proof at this time to show that this was forced, there was duress, that there are other elements which caused the defendant to affix his name to these papers.'' The court thereupon stated: '' I am going to receive it for what it is worth in evidence. We will see what happens later when you put in your proof.''

We have recently pointed out in *People* v. *Mulvey* (1 A D 2d 541) that it is error in such circumstances to receive the paper without first hearing the proof offered and deciding upon the competence of the confession as evidence against the party making it.

We are not impressed with the respondent's argument that the error is unsubstantial and should be overlooked pursuant to the provisions of section 542 of the Code of Criminal Procedure. We see no other evidence in the record to support the unsworn testimony of the infant victims. The unsworn testimony of one infant may not be used to support the unsworn testimony of the other (see *People* v. *Masiano,* 253 App. Div. 454). The testimony of the State trooper that when they arrived at the substation '' it was at that time he admitted being involved with these young girls ''; and that '' he admitted it verbally first '' likewise does not, in our view of it, suffice. It has been held that the '' other evidence '' must extend to every material fact essential to constitute the crime (see *People* v. *Page,* 162 N. Y. 272, 274–277; *People* v. *Downs,* 236 N. Y. 306, 308; *People* v. *Croes,* 285 N. Y. 279, 282). It is argued by the respondent that the testimony as to surrounding circumstances indicates opportunity and that in itself supplies the '' other evidence '' required by the statute, citing *People* v. *Masiano* (253 App. Div. 454, *supra*). The appeal in that case had to do with sustaining an indictment which is quite different from an appeal from a judgment of conviction.

It has been recently pointed out by the Appellate Division, Third Department: '' In a case such as this, where the offense charged is so revolting to the normal mind it is incumbent upon us to scrutinize the record carefully to determine whether the defendant had the scrupulously fair trial to which he was

entitled. Errors which in some cases might be overlooked would be prejudicial in cases of this character." (*People* v. *Hewitt,* 1 A D 2d 914.)

We conclude that the judgment of conviction should be reversed and a new trial ordered.

All concur, WHEELER, J., in the following memorandum: In *People* v. *Mulvey* (1 A D 2d 541) I dissented upon the ground that the error, if any, in curtailing the preliminary examination before receiving the confession in evidence was unsubstantial in view of the strong proof outside of the confession, of defendant's guilt and, therefore, should be disregarded pursuant to section 542 of the Code of Criminal Procedure. In the instant case, the evidentiary status is quite different. Here there was a definite and specific request to offer proof that the confession was obtained as a result of force and duress; and, moreover, there is no other evidence which supports the unsworn statement of the two children. I agree that a new trial is in order. Present — McCURN, P. J., KIMBALL, WHEELER, WILLIAMS and BASTOW, JJ.

Judgment of conviction and order reversed on the law and a new trial granted.