THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOAMONT ALLMAN, Appellant.

Second Department, April 23, 1973.

326

*Joseph J. Lombardo* for appellant.

*Eugene Gold, District Attorney (J. Mitchell Rosenberg* of counsel), for respondent.

Hopkins, Acting P. J.   The defendant was indicted for the crime of murder of his four-year-old daughter, Lachelle Allman. He was convicted of the crime of manslaughter in the second degree by the verdict of the jury.   His appeal raises several claims for reversal and we discuss two of them in detail.   The first claim is that the defendant's conviction rests largely on the inadmissible testimony of his wife concerning privileged communications of the defendant.   The second claim asserts that the defendant was deprived of the fair and meaningful representation of counsel.

We affirm the judgment of conviction.   In our opinion, no error was committed by the Criminal Term.

At the trial the defendant's wife testified that on the evening of November 21, 1967 she and the defendant visited her sister's home, where they drank brandy.   On their return home, the defendant, angry because Lachelle had been incontinent, struck her repeatedly on the face and swung her bodily from the bedroom to the kitchen.   He said he was going to kill the child. Despite his wife's pleas, he threw Lachelle against a wall twice and punched and stomped her stomach.   Finally, he hit the child with a broom, breaking it.   His wife put Lachelle to bed and he would not allow her to call on the telephone for help. In the morning when he awoke and found Lachelle dead, he said to his wife that he had killed his baby and he told her to say to the police that the child had fallen out of the window.   The

defendant's wife also testified that he had threatened her life and had assaulted her physically in the past.

The defendant urges that the testimony of his wife was prohibited, since it related almost entirely to confidential communications between husband and wife. Subdivision (b) of ·CPLR 4502, which governs this appeal,[1] reads as follows:

" (b) Confidential communication privileged. A husband or wife shall not be required, or, without consent of the other if living, allowed, to disclose a confidential communication made by one to the other during marriage."

We read the statute in the light of prior decisional law defining " communication " as both speech and the observation of acts performed by one spouse before the other in reliance on the marital bond (*People* v. *Daghita*, 299 N. Y. 194, 198–199; cf. *People* v. *Melski*, 10 N Y 2d 78). So considered, the statements of the defendant and his acts to which his wife testified are the form of communication to which the statute applies. But for other reasons we do not think the testimony of the wife was barred.

First, the force of subdivision (b) of CPLR 4502 is seriously impaired by the more recent provisions of subdivision 5 of section 383-b of the Social Services Law, in effect at the time of the death of Lachelle (L. 1967, ch. 631, eff. Sept. 1, 1967),[2] reading as follows: " Neither the physician-patient privilege, as set forth in section forty-five hundred four of the civil practice law and rules, nor the privilege attaching to confidential communications between husband and wife, as set forth in section forty-five hundred two of the civil practice law and rules, shall be a ground for excluding evidence regarding a child's injuries, abuse or maltreatment, or the cause thereof, in any judicial proceeding resulting from a report pursuant to this section."

Section 383-b evinces a clear public policy to permit the testimony of one spouse against the other where child abuse is the subject of a judicial proceeding. The statute imposes a duty

---

1. Section 2445 of the former Penal Law at one time expressed the husband-wife privilege. That statute, however, was superseded by the present Penal Law as of September 1, 1967, prior to the occurrence before us (Penal Law, §§ 500.05, 500.10). CPLR 4502 was made applicable to criminal proceedings by the provisions of the former Code of Criminal Procedure, then in effect (Code Crim. Pro., § 392). The present Penal Law has no counterpart to section 2445 of the former Penal Law.

2. Section 383-b of the Social Services Law is now section 383-a of that act (L. 1969, ch. 641).

on a physician, medical examiner and other professional people to report any case of maltreatment of a child; and it plainly contemplates that such cases should be investigated and the persons inflicting the injuries held responsible (cf. *Matter of Vulon*, 56 Misc 2d 19; *Matter of Abeena H.*, 64 Misc 2d 965). Hence, we determine that no privilege against the testimony of confidential communications between husband and wife obtains in prosecutions arising out of charges of child abuse.

Second, we would hold the testimony admissible, even if the statute had not removed the privilege. At common law, the marital privilege was subject to the well-recognized exception that injuries to one spouse by the other were outside the rule (8 Wigmore, Evidence [McNaughton rev.], § 2239, p. 242). The predecessor statute to subdivision (b) of CPLR 4502 was interpreted as continuing the exception (*Poppe* v. *Poppe*, 3 N Y 2d 312, 315-317). The reasoning underlying the exception is that the enforcement of the privilege would grant a license to injure a spouse in private and that the wrong thus committed would go unpunished. Moreover, an injury inflicted on one spouse by the other is destructive of the very marriage which the privilege was intended to preserve.

It is not too great an expansion of the exception, and one that is justified by the reasoning basic to it, to hold that the privilege should not apply to deliberate injuries inflicted on a child of the marriage by one spouse in the presence of the other. Otherwise, the lips of the witnessing spouse would be sealed to the detriment of the child; and the injustice of the act may never be uncovered. We think, as other courts, that the wrong to the child is equally a wrong to the observing spouse and that the performance of the injury is equally as destructive of the marriage (*Wilkinson* v. *People*, 86 Col. 406; *O'Loughlin* v. *People*, 90 Col. 368; *State* v. *Kollenborn*, 304 S. W. 2d 855 [Mo.]).

Both on the grounds of section 383-b of the Social Services Law and the exception to the privilege, therefore, we find no error in the admission of the wife's testimony.

The second claim asserted by the defendant concentrates on the adequacy of representation of counsel assigned to him. The defendant complains that he was dissatisfied with his attorney and was not allowed to represent himself. The record reveals, nonetheless, that the defendant, despite his dissatisfaction with trial counsel, did not wish to proceed *pro se*, but rather equivocated when the issue arose directly. Furthermore, the record indicates that the defendant's trial counsel actively engaged in his defense without objection from the defendant. Indeed, when

the defendant testified on his own behalf at the trial, his counsel conducted the examination.

The right to competent counsel is precious to a defendant charged in a criminal proceeding and may not be watered down by an insubstantial or token defense. But here the record discloses a vigorous defense by counsel in the face of a formidable case presented against the defendant. We fail to see that the constitutional right of the defendant to adequate representation by counsel was violated.

We have considered the other points for reversal submitted by the defendant and find them without merit.

Accordingly, we affirm the conviction.

MUNDER, MARTUSCELLO, LATHAM and BENJAMIN, JJ., concur.

Judgment of the Supreme Court, Kings County, rendered September 15, 1969, affirmed.