THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
BERNARD D. ST. JOHN, Appellant.

Third Department, April 17, 1980

**APPEARANCES OF COUNSEL**

*Kevin K. Ryan* for appellant.

*Joseph W. Kelly, District Attorney (Naomi M. Werne* of counsel), for respondent.

**OPINION OF THE COURT**

CASEY, J.

The four convictions herein arose out of two separate inci-

dents. The first occurred in the defendant's home in September, 1976 and involved his own two daughters, then aged nine and seven. The second occurred in the defendant's truck in February or March, 1977 while en route to his mother's home and involved his seven-year-old daughter and her six-year-old girlfriend.

The crimes were not discovered until late in 1977, after the defendant and his wife had separated, and the daughters, who were being interviewed by a representative of the Social Services Department concerning the defendant's visitation rights, told what had happened to them. This discovery led to the defendant's arrest in January, 1978. At that time he made two statements. Regarding the 1976 incident, he admitted the probability that he was exposed, but attributed this to a defective elastic band on his undershorts. He also admitted patting the private parts of his seven-year-old daughter, but only to discover, he said, if she had wet the bed as she had done on prior occasions. As to the 1977 incident, the defendant admitted stopping his truck to allow his seven-year-old and her girlfriend to urinate. He claims that while doing so, the girlfriend fell into her own urine and he picked her up and brushed her off while she was pulling up her panties. These statements of the defendant were offered on the prosecution's direct case through the testimony of the detective who obtained them. The detective also testified that the route taken by the defendant to his mother's house on the occasion of the 1977 incident was not the most direct.

Also received on the prosecution's direct case was the testimony of his estranged wife that sometime between 1974 and 1976 the defendant told her of his intention to break "the kids in and have intercourse with them * * * before they started menstruation or during that time". The defendant's mother testified for the defense and recalled the arrival at her home of the defendant, his seven-year-old daughter and her girlfriend and that the girlfriend's coat was wet from what could have been urine.

The three children, all two years older at the time of the trial, were the chief prosecution witnesses. The trial court conducted a *voir dire* examination of their intelligence and capacity and decided that each child should testify unsworn. The court did not abuse its discretion in making this decision (*People v Parks,* 41 NY2d 36). Their testimony having been so

received, the defendant now urges reversal for the insufficiency of the required corroboration.

■ Sexual abuse in the first degree has as an element the lack of consent (Penal Law, § 130.05). When the lack of consent results solely from an incapacity to consent because of the victim's age, there must be evidence in addition to the victim's testimony to: (a) establish that an attempt was made to engage the alleged victim in sexual contact and (b) to connect the defendant with the commission of the offense (Penal Law, § 130.16). In the two separate incidents herein, each involving two children, each child in each incident was both a victim and a witness to the sexual abuse committed on the other child involved, and each child gave clear and explicit testimony sufficient to satisfy all the elements of the crime of sexual abuse in the first degree, not only committed against her, but also committed against her companion. Such testimony satisfied the requirements of section 130.16 of the Penal Law (People v Curtis, 76 Misc 2d 128) and would be sufficient to support the conviction, if the witness to each crime, although a child, had been sworn.

■ Because the testimony of all the children here was received without oath, however, the provisions of CPL 60.20 also apply. This statute provides that if a child under 12 does not testify under oath, a defendant may not be convicted of an offense solely on the testimony of such child. The corroboration necessary hereunder is due to the nature of the witness, as distinguished from the corroboration due to the nature of the crime under section 130.16 of the Penal Law. The requirements of CPL 60.20 apply to the testimony of the child witness, as well as to the testimony of the child victim, and the unsworn testimony of the one is insufficient to corroborate the unsworn testimony of the other (People v Nolan, 2 AD2d 144; People v Masiano, 253 App Div 454, construing Code Crim Pro, § 392, the forerunner of CPL 60.20). The purpose of the statute is to establish the trustworthiness of the unsworn children in each incident, rather than to prove the charge itself. The corroborating evidence need not be positive and direct, it may be circumstantial only (People v Bravender, 35 AD2d 1035; People v Dow, 34 AD2d 224), but must extend to proof of circumstances legitimately tending to show the existence of the material facts of the crime (People v Bravender, supra).

■ Considering the sworn testimony of the prosecution's

case, apart from the unsworn testimony of the children, it appears that the testimony of the defendant's wife as to the declaration made to her about two years before the first incident, of what the defendant intended to do to his two daughters, was properly received. A threat to do an act is some evidence that the act threatened was at least attempted (Richardson, Evidence [10th ed—Prince], § 166), and this testimony cannot be precluded under the claim of husband and wife privilege (Family Ct Act, § 1046, subd [a], par [vii]; Social Services Law, § 384-b; *People v Allman,* 41 AD2d 325; see *Trammel v United States* 445 US 40). Whether the declaration is too remote in point of time lies in the discretion of the trial court and will not be disturbed unless that discretion has been shown to have been abused, which is not the case here. Although this testimony is some evidence, it expresses only the defendant's future intention and cannot, standing alone, supply sufficient corroboration of the completed act.

■ The defendant's statements admit no touching of the nine-year-old during the first incident. His admission concerns the seven-year-old only. In it he denies that his intent or motive was sexual gratification. Nevertheless, from his admission of the act the jury can and did infer his intention. This admission, containing as it does the element of opportunity, when added to the testimony of the two children, supplies corroborating evidence sufficient to satisfy CPL 60.20 as to the defendant's conviction of sexual abuse in the first degree charged in the third count of the indictment against his seven-year-old daughter. Without an admission by the defendant concerning anything done to the nine-year-old, there is no testimony or other evidence of any sexual abuse committed against the nine year old, other than her own testimony and that of her seven-year-old sister, which is legally insufficient to sustain the conviction under the second count of the indictment, and the defendant's conviction on that count must be reversed.

As to the second incident, the admission of the defendant that he picked up the girlfriend and brushed her off, touching her, likewise admits the act while denying only the intent and, therefore, corroborates sufficiently the testimony of the girlfriend and his daughter as to what the defendant did to the girlfriend. The defendant's conviction under the fifth count of the indictment is sustained. Again, however, what

was done to the seven-year-old daughter during the second incident is evidenced only through her testimony and the testimony of the girlfriend and is legally insufficient under CPL 60.20, since unsworn, to sustain the defendant's conviction under the fourth count of the indictment.

In light of the reversal of the two of the four convictions, we are of the view that the matter should be remitted to the sentencing court for resentencing on the two remaining convictions (see CPL 470.20, subd 3). Accordingly, we do not pass upon the merits of defendant's contention that the sentence is harsh and excessive.

The judgment should be modified, on the law, by reversing the convictions of sexual abuse in the first degree based on the second and fourth counts of the indictment, dismissing the second and fourth counts of the indictment and vacating the sentence, and the matter remitted to the County Court of Clinton County for resentencing, and, as so modified, affirmed.

MAHONEY, P. J. (concurring in part and dissenting in part). I concur with the majority's conclusion that defendant's convictions based on the second and fourth counts of the indictment should be reversed and that the conviction based on the third count should be affirmed. I do not, however, believe there was sufficient corroboration under CPL 60.20 to sustain the conviction on the fifth count of the indictment and would reverse that conviction as well.

Concerning the second incident which occurred in February or March of 1977, the majority finds that defendant's written statement sufficiently corroborates the unsworn testimony of his seven-year-old daughter and her girlfriend as to what defendant did to the girlfriend. Applying the same reasoning used to uphold the conviction of sexual abuse committed against defendant's seven-year-old daughter in September of 1976, the majority states that defendant's admission regarding the 1977 incident admits the act while denying only the intent. However, unlike defendant's statement concerning the 1976 incident, which admitted touching his daughter in the genital area to see if she had wet the bed, the defendant's statement dealing with the 1977 incident contained no such admission. Defendant merely said that after his daughter's girlfriend fell in her own urine, he "went to her side and picked her up around the waist, she then raised her panties and *I brushed her coat off* because it had dirt on it" (emphasis added). Thus, since defendant's statement does not admit "any

touching of the sexual or other intimate parts" of his daughter's girlfriend (Penal Law, § 130.00, subd 3), it is insufficient to corroborate the unsworn testimony.

Accordingly, the judgment should be modified by reversing the convictions of sexual abuse in the first degree based on the second, fourth and fifth counts of the indictment.

HERLIHY, J. (concurring in part and dissenting in part). Reading the record in its entirety is convincing that the jury verdict should be affirmed. The trial court, confronted with a difficult proceeding as to proof, handled the case with dispatch and good judgment.

The judgment should be affirmed.

GREENBLOTT and MAIN, JJ., concur with CASEY, J.; MAHONEY, P. J., and HERLIHY, J., concur in part and dissent in part in separate opinions.

Judgment modified, on the law, by reversing the convictions of sexual abuse in the first degree based on the second and fourth counts of the indictment, dismissing the second and fourth counts of the indictment and vacating the sentence, and matter remitted to the County Court of Clinton County for resentencing, and, as so modified, affirmed.