■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOISES GOMEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County (McNab, J.), rendered May 5, 1983, as amended May 6, 1983, convicting him of rape in the first degree, rape in the second degree, sodomy in the first degree (two counts) and sodomy in the second degree (two counts), upon a jury verdict, and imposing sentence.

Judgment, as amended, affirmed.

After a jury trial, defendant was convicted of rape in the first degree, rape in the second degree, sodomy in the first degree (two counts) and sodomy in the second degree (two counts). The convictions resulted from three separate incidents, during which defendant, then 38 years old, sodomized his stepdaughter, then only 13 years old, on two occasions, and raped her on one occasion. The incidents took place in a bedroom of the house where defendant resided with the victim and her mother (defendant's wife), brother and stepsister (daughter of defendant and the victim's mother).

We find no merit to defendant's contention that the People failed to prove beyond a reasonable doubt the element of penetration necessary to sustain the convictions for rape in the first and second degrees, and the element of forcible compulsion necessary to sustain the convictions for sodomy in the first degree, as well as the conviction for rape in the first degree.

The victim's testimony indicates that penetration had occurred during one of the incidents in question, and together with defendant's admission that he had raped her, was sufficient to establish proof of penetration (*see, People v Crowley,* 102 NY 234; *People v Van Allen,* 275 App Div 181, 188). The element of "forcible compulsion", as that term was then defined in Penal Law § 130.00 (8) (as amended by L 1982, ch 560 and L 1983, ch 449), was established by the victim's testimony that defendant had forced himself upon her and threatened to kill her family, coupled with the circumstance that on all three occasions, defendant had unexpectedly arrived at the house at a time when the victim was alone with her then baby stepsister. Thus, the jury could have reasonably found that defendant's conduct constituted a threat, express or implied, of immediate death or serious physical injury to either the victim or her family unless she complied with defendant's demands (*cf. People v Kaminski,* 87 AD2d 724, *mod on other grounds* 58 NY2d 886; *People v Vicaretti,* 54 AD2d 236).

Defendant's further argument that the testimony of certain prosecution witnesses (three police officers, the physician who examined the victim, and the victim's mother) to the effect that the victim complained of the sexual abuse by defendant, does not warrant reversal. In addition to the fact that one of the police officers did not testify to the victim's complaint, his testimony, as well as the challenged testimony of the two other police officers and the physician, was not objected to by defendant's trial counsel. Therefore, the issue with respect to this testimony has not been preserved for appellate review as a matter of law (CPL 470.05 [2]). In any event, evidence of the victim's recent complaint of the rape and sodomies was admissible (*see, People v O'Sullivan,* 104 NY 481; *People v Derrick,* 96 AD2d 600). The testimony of the victim's mother was similarly admissible for the purpose of showing that the victim made a complaint at the first available opportunity (*see, People v O'Sullivan, supra*). To the extent that the victim's mother testified as to details of the crimes, such evidence should have been excluded (*see, Baccio v People,* 41 NY 265; *People v Derrick, supra*). However, no specific objection was made at the time of this testimony, nor did defendant's counsel request any limiting instructions or object to the trial court's instructions *sua sponte* to the witness that she may not tell all the details as to what the victim told her. Thus, this specific challenge to the mother's testimony has not been preserved for our review as a matter of law (CPL 470.05

[2]), and reversal in the interest of justice on this basis is not warranted since any error was harmless.

In addition, defendant's claim that the testimony of the victim's mother concerning defendant's statements regarding his conduct towards the victim should have been excluded because such testimony constituted confidential marital communications is without merit. Defendant's statements to his wife were properly admitted since they were not made in reliance on the marital relationship (*see, People v Allman,* 41 AD2d 325; *see also, Matter of Vanderbilt [Rosner-Hickey],* 57 NY2d 66-73). Moreover, "no privilege against the testimony of confidential communications between husband and wife obtains in prosecutions arising out of charges of child abuse" (*People v Allman, supra,* at p 328; *see, People v St. John,* 74 AD2d 85, 88-89, *appeal dismissed* 53 NY2d 704).

We have considered defendant's other contentions and find that they do not warrant reversal of the instant judgment. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.