■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK E. HILLS, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Schuyler County (Callanan, Sr., J.), rendered December 13, 1988, convicting defendant upon his plea of guilty of the crimes of sodomy in the third degree (two counts) and endangering the welfare of a child.

After pleading guilty to two counts of sodomy in the third degree and one count of endangering the welfare of a child, defendant was sentenced to three consecutive one-year terms of imprisonment. Defendant contends on appeal that County Court erred in refusing to suppress two recorded telephone conversations between defendant and the 15-year-old victim in that no legal consent was given to intercept the conversations as required by Penal Law §§ 250.00 and 250.05 and CPL 700.05 (1).

There should be an affirmance. It is not unlawful to eavesdrop on telephone conversations with the consent of one of the parties to the conversation. There was sufficient evidence to support the finding made by County Court that the intercepted conversations were overheard by the police and recorded as a result of the initiation of a criminal complaint made by the victim who appeared at the police station accompanied by his paternal uncle. The victim consented to having his conversations with defendant monitored by the police. Moreover, the consent of the victim's mother was secured by the investigating police officers by phone before the taping occurred. The ruling of County Court was thus proper *(see, People v Bastian,* 125 AD2d 909, *lv denied* 69 NY2d 824).

In view of our holding we decline to address the other issues raised by defendant.

Mahoney, P. J., Casey, Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed.