Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooper-man, J.), rendered July 2, 1990, convicting him of sexual abuse in the first degree (three counts) and endangering the welfare of a child (four counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.
At trial, the People’s main witness was the six-year-old victim who testified that the defendant touched her "tushie” on more than one occasion. When asked by the prosecutor to define "tushie”, she replied, "the bottom of here” indicating the lower front portion of her torso. She also indicated the same spot on a doll. The victim, however, was not sworn before testifying.
A person cannot be convicted of a crime solely on the testimony of an unsworn witness (see, CPL 60.20 [3]). The corroboration standard mandated by CPL 60.20 is the same as *435 the standard found in Penal Law § 130.16 which requires proof of circumstances tending to prove the material facts of the crime and tending to connect the defendant to that crime (see, People v Groff, 71 NY2d 101, 109). The People contend that the corroboration requirement is met by the defendant’s prior Family Court testimony which was read into the record by the prosecutor. Although a defendant’s prior statements may satisfy the corroboration requirement of CPL 60.20 (see, People v St. John, 74 AD2d 85), in this case, the defendant’s statements were not sufficient.
The defendant was charged with three counts of sexual abuse in the first degree and four counts of endangering the welfare of a child. However, in his Family Court testimony the defendant admitted pinching the child’s "tushie” on only one occasion. Thus, his Family Court testimony may only be construed as corrobative of one count of sexual abuse in the first degree and one count of endangering the welfare of a child (see, People v St. John, supra).
Moreover, the defendant, in his Family Court testimony, denied that his intent or motive was sexual gratification (see, Penal Law § 130.00 [3]; § 130.65). Although a jury can infer the defendant’s intent from his admission of the act (see, People v St. John, supra), under the circumstances of this case, the People failed to prove beyond a reasonable doubt that the defendant’s intent was to obtain sexual gratification. All of the evidence in this case indicates that the defendant’s touching of the victim occurred within the context of a game which was not sexual in nature. Moreover, although the victim indicated that she referred to the lower front portion of her torso as her "tushie”, there is no evidence in the record that the defendant considered her "tushie” to be the same area. Therefore, the People failed to corroborate the victim’s testimony that the defendant subjected her to "sexual contact” (see, Penal Law §§ 130.00 [3]; § 130.65). Since the endangering the welfare of a child charges were based upon the same underlying conduct, there was also a failure of proof as to these counts (see, People v Doellner, 87 AD2d 987). Thus, the defendant’s conviction on all counts must be reversed and the indictment dismissed (see, People v St. John, supra).
In view of the foregoing, it is not necessary to reach the defendant’s remaining contentions. Kunzeman, J. P., Fiber, Miller and Ritter, JJ., concur.