■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ROSSI, Appellant.—Mikoll, J. P. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered August 26, 1991, upon a verdict convicting defendant of the crimes of sodomy in the second degree (six counts), sexual abuse in the first degree and endangering the welfare of a child.

Defendant's convictions stem from his sexual abuse of three young boys. Defendant was the boys' Little League baseball coach. The children testified that defendant had them stay overnight at his house on occasion at which times, while he slept in the same bed with them, he fondled them and sodomized them as well. Following his convictions, defendant was given consecutive prison sentences of 1 to 3 years for each of

the six sodomy convictions and concurrent sentences of 1 to 3 years for the sexual abuse conviction and 1 year for endangering the welfare of a child. This appeal ensued.

Defendant seeks reversal based on a series of perceived erroneous evidentiary rulings. Defendant contends that County Court erred in permitting his wife to testify that defendant slept with the children and that this testimony violated his marital privilege. We disagree in that the acts testified to occurred in the presence of third persons, the children, and were not intended to be confidential (see, People v Wilson, 64 NY2d 634, 636). Such testimony was relevant to the commission of the crimes and was properly admitted. The wife's other testimony related to communications made by her to defendant regarding her objections to his sleeping with the young boys. We conclude that her testimony did not implicate confidential communications made by her husband to her during the marital union (see, People v Fediuk, 66 NY2d 881, 883) and are also not privileged.

Defendant ascribes error to County Court's denial of a mistrial after the District Attorney asked the wife if she were living with defendant at the time of trial. We note that the court sustained defendant's objection to the question and the jury was instructed to disregard it. A trial court has sound discretion to grant or deny a mistrial motion based on prejudice. Absent a clear abuse of discretion, an appellate court will not intervene (see, CPL 280.10 [1]; People v Ortiz, 54 NY2d 288, 292). We find no abuse of discretion here. The People's inquiry was limited and any prejudice to defendant was offset by the court's curative instructions.

Defendant also contends that County Court erred by allowing one of the victims and his mother to testify about why there was an 18-month delay in reporting the sexual abuse and sodomy and how it came to be revealed. We note that neither witness testified as to what the victim said when he told his mother about the events; rather, their testimony related to the victim's breaking down emotionally after being served with a subpoena in another legal matter involving defendant, at which time he complained to his mother about defendant. The testimony was relevant to explain the 18-month hiatus in reporting the incident. The nature of the case against defendant which prompted the service of a subpoena on the victim was not revealed until defense counsel mentioned it during cross-examination. We conclude that the testimony as elicited was germane and proper.

We find no merit in defendant's contention that the sen-

tence imposed was unduly harsh and excessive. It was not the harshest sentence possible. The crime involved was hideous involving as it did defendant's taking advantage of a position of trust to manipulate three vulnerable young boys. For all these reasons we decline to intervene. We decline to discuss the other contentions raised by defendant.

Levine, Mercure, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Tioga County for further proceedings pursuant to CPL 460.50 (5).