■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARDELL LIBBETT, Appellant. [603 NYS2d 776] —Appeals from two judgments of the County Court of Broome County (Mathews, J.), rendered November 30, 1990, convicting defendant upon his pleas of guilty of the crimes of criminal possession of a controlled substance in the fourth degree and bail jumping in the second degree.

Defendant was sentenced as a second felony offender to a prison term of 4 to 8 years upon his conviction of the crime of criminal possession of a controlled substance in the fourth degree and to a consecutive prison term of 1½ to 3 years upon his conviction of the crime of bail jumping in the second degree. Defendant contends on this appeal that the sentences imposed were harsh and excessive. We disagree. Defendant was allowed to enter a guilty plea to criminal possession of a controlled substance in the fourth degree in satisfaction of the more serious charge of criminal possession of a controlled substance in the third degree. In addition, defendant pleaded guilty to both crimes knowing that he could receive the sentences ultimately imposed, which are less than the harshest possible. Given these facts, as well as defendant's criminal record, we find no basis to disturb the sentences imposed by County Court (see, People v Mackey, 136 AD2d 780, lv denied 71 NY2d 899).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Mahoney, JJ., concur. Ordered that the judgments are affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE HARLEY, Appellant. [603 NYS2d 776] —Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered September 30, 1991, upon a verdict convicting defendant of the crime of robbery in the third degree.

We find no abuse of discretion in County Court's denial of defendant's motion for a mistrial. Any prejudice to defendant was offset by County Court's curative instructions to the jury (see, People v Rossi, 185 AD2d 401, lv denied 80 NY2d 909).

Weiss, P. J., Mercure, Cardona, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.