■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORRIS W. CAPOBIANCO, Appellant. [630 NYS2d 386] —Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered April 29, 1992, convicting him of arson in the second degree and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the trial court did not err in permitting the defendant's wife to testify that the defendant admitted to setting the fire at issue in this case. CPLR 4502 (b), which is also applicable to criminal proceedings *(see,* CPL 60.10), provides that "[a] husband or wife shall not be required, or, without consent of the other if living, allowed, to disclose a confidential communication made by one to the other during marriage". While a communication by a husband to his wife that he has committed a crime is privileged as a communication which would not have been made "except in reliance upon the free and unrestrained privacy of the marital relation[ship]" *(People v Daghita,* 299 NY 194, 199; *see also, People v D'Amato,* 105 Misc 2d 1048), the privilege is inapplicable where the crime was directed against the other spouse *(see, Poppe v Poppe,* 3 NY2d 312, 315; *People v Allman,* 41 AD2d 325, 328; *People v D'Amato, supra,* at 1053).

In this case, the record indicates the defendant and his wife were estranged, and the wife was living with her mother in a residence which also housed several other tenants. The defendant was charged with deliberately setting the house afire. At trial, the wife testified that approximately five weeks after the fire, the defendant told her that he had started the fire because he thought she would be forced to return to him in the aftermath. Further, the evidence showed that in a telephone conversation which took place between the defendant and his mother-in-law shortly before the fire, the defendant had threatened the mother-in-law, by warning that she better take

her daughter, i.e., the defendant's wife, far away. The wife's obvious status as a victim of this arson was reinforced by the defendant's threatening statement to the mother-in-law, which was a clear indication that the arson was directed against his wife. Consequently, the marital privilege did not apply to preclude the wife from recounting the defendant's admission *(see, Poppe v Poppe, supra; People v Allman, supra).*

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We also find that the sentence imposed on the defendant was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Copertino, Pizzuto and Krausman, JJ., concur.