■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY ERWIN, Appellant. [653 NYS2d 990] —Judgment unanimously affirmed. Memorandum: The contention of defendant that he was deprived of a fair trial by prosecutorial misconduct is not preserved (*see,* CPL 470.05 [2]). Nevertheless, we have reviewed the record with respect to defendant's contention and conclude that the prosecutor's remarks were either fair comment on the evidence or made in response to defense counsel's summation (*see, People v Kyler,* 191 AD2d 1029, *lv denied* 81 NY2d 1015; *People v Price,* 144 AD2d 1013, *lv denied* 73 NY2d 895). Any critical references to defendant by the prosecutor in summation were not so pervasive or egregious as to deprive defendant of a fair trial (*see, People v Johnson,* 213 AD2d 791, 795, *lv denied* 85 NY2d 975).

Defendant failed to preserve for our review his contentions

that County Court erred in failing to hold a hearing with respect to defendant's motion to suppress an audiotape and in failing to hold a *Huntley* hearing on the admissibility of the audiotape (*see*, CPL 470.05 [2]). In any event, those contentions lack merit. An eavesdropping warrant was not required for the audiotape in light of the fact that the person wearing the body wire from which the audiotape was obtained consented to the recording of the conversation with defendant. Thus, the motion to suppress was properly denied without a hearing (*see, People v Hills,* 176 AD2d 375). An audibility hearing was held by the court, after which the court determined that the audiotape was "99% audible", a determination that was not contested. Although defendant's omnibus motion included a request for a *Huntley* hearing, that request was not pursued. Defendant's statements in the audiotape were properly admitted at trial over defendant's objection based on the accuracy, authenticity and chain of custody of the audiotape.

The verdict is supported by sufficient evidence. Defendant's admissions, both to the People's witnesses and in the audiotape, are sufficient to establish every element of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (Penal Law § 265.03). Sufficient corroboration of defendant's admissions was provided by the evidence regarding the location, position and condition of the body of the victim and the testimony of the forensic pathologist and the police witnesses (*see, People v Lipsky*, 57 NY2d 560, 570-571, *rearg denied* 58 NY2d 824; *People v Jennings*, 40 AD2d 357, *affd* 33 NY2d 880). Further, the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

We reject the contention of defendant that the Trial Judge relied on inappropriate information in imposing sentence and, in light of the cold-blooded nature of the crime, we conclude that defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, D'Amico, J.— Murder, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.