■ In the Matter of JOHN L. TAGGART, Petitioner, v HOWARD SAFIR, as Police Commissioner of City of New York, et al., Respondents. [688 NYS2d 45] —Determination of respondent Police Commissioner, dated August 4, 1997, terminating petitioner's employment as Police Sergeant with the New York City Police Department, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Leland DeGrasse, J.], entered March 13, 1998) dismissed, without costs.

Upon review of the record as a whole, we conclude that there is substantial evidence (see, *300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 179-180) to support the Commissioner's determination that petitioner, in violation of departmental rules and regulations, failed to investigate an allegation that a police officer was committing acts of aggravated harassment; failed to notify his commanding officer and/or the Internal Affairs Bureau of an allegation of serious misconduct involving a member of the service; and made false and misleading statements during an official department investigation. Having concluded that the Commissioner's determination is supported by substantial evidence, the judicial function has been exhausted; the court "may not weigh the evidence or reject the choice[s] made by the [agency] where the evidence is conflicting and room for choice exists" (*Matter of Stork Rest. v Boland*, 282 NY 256, 267; accord, *State Div. of Human Rights v Columbia Univ.*, 39 NY2d 612, 616).

Given the nature of the proven misconduct and the fact that petitioner was previously disciplined for a similar violation, the penalty of dismissal is not so disproportionate as to shock our sense of fairness (see, *Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). Concur—Sullivan, J. P., Nardelli, Williams and Andrias, JJ.

■ In the Matter of JOSEPH P. NAPOLI, a Disbarred Attorney. [699 NYS2d 668] —Petition for reinstatement to the Bar denied. No opinion. Concur—Rosenberger, J. P., Lerner, Rubin, Mazzarelli and Saxe, JJ.