■ In the Matter of JOSEPH DERBYSHIRE, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York,

Respondent. [732 NYS2d 165] —Determination of respondent Police Commissioner, dated November 16, 1999, terminating petitioner's employment with the Police Department, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Carol Huff, J.], entered August 2, 2000), dismissed, without costs.

Substantial evidence supports the challenged determination (*see, Matter of Taggart v Safir*, 260 AD2d 195, 196), and petitioner received a fair hearing. Highly probative hearsay evidence was properly admitted (*see, People ex rel. Vega v Smith*, 66 NY2d 130, 139).

Petitioner's admissions to his wife were not protected by the marital privilege (CPLR 4502 [b]) because of the nature of the misconduct they involved (*see, People v Gomez*, 112 AD2d 445, 447). We find no basis upon which to apply a more restrictive rule in administrative proceedings than would apply in a criminal proceeding.

Because petitioner did not raise the issue of parent-child privilege at the administrative proceeding, we decline to consider it for the first time (*see, Matter of Muller v New York State Div. of Hous. & Community Renewal*, 263 AD2d 296, 307-308, *lv denied* 95 NY2d 763). In any event, were we to consider this argument, we would find the privilege inapplicable to the facts (*see, People v Johnson*, 84 NY2d 956; *People v Harrell*, 87 AD2d 21, 26, *affd* 59 NY2d 620).

The penalty of dismissal does not shock the conscience of this Court (*see, Matter of Brown v Safir*, 258 AD2d 359, *lv denied* 93 NY2d 807).

We have considered and rejected petitioner's remaining arguments. Concur—Nardelli, J. P., Williams, Ellerin, Friedman and Marlow, JJ.