■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY K. POWERS, Appellant. [839 NYS2d 865]—

Crew III, J.P. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered July 31, 2006, upon a verdict convicting defendant of the crime of sodomy in the second degree.

Defendant was charged with and convicted of sodomy in the second degree involving the then 14-year-old daughter of the woman with whom he was living at the time and subsequently married. Following his conviction, County Court sentenced defendant to $2^{1}/_{4}$ to $6^{3}/_{4}$ years in prison. Defendant now appeals.

During the course of the investigation leading to the indictment of defendant, the police recorded a telephone conversation between defendant and his estranged wife in which he admitted having oral sex with the victim. That recording was admitted into evidence over defendant's objection on the ground that the communication was protected by the marital privilege (*see* CPLR 4502 [b]; CPL 60.10). Defendant contends that County Court's ruling constitutes reversible error. We disagree.

While a spouse ordinarily is prohibited from disclosing a confidential communication made by the other spouse during the marriage, no such privilege exists where the communication arises out of the abuse of a spouse's child upon the theory that "the wrong to the child is equally a wrong to the . . . spouse and that the performance of the injury is equally as destructive of the marriage" (*People v Allman*, 41 AD2d 325, 328 [1973]; *see People v Rossi*, 185 AD2d 401 [1992], *lv denied* 80 NY2d 909 [1992]; *People v Gomez*, 112 AD2d 445 [1985], *lv denied* 66 NY2d 919 [1985]; *People v St. John*, 74 AD2d 85 [1980], *appeal dismissed* 53 NY2d 704 [1981]). Inasmuch as the communication here involved an admission of guilt by defendant to an act of sexual abuse upon his spouse's child, the communication was not protected by the marital privilege.

Defendant further contends that the recorded telephone

conversation between him and his wife was improperly admitted into evidence because it constituted illegal eavesdropping (*see* CPLR 4506 [1]; Penal Law § 250.05). Again, we disagree. A recorded conversation does not constitute the crime of eavesdropping where, as here, it has been obtained with the consent of either the caller or receiver of the communication (*see* Penal Law § 250.00 [1], [2], [6]; *People v Hills*, 176 AD2d 375 [1991]). We have considered defendant's remaining contentions, including his assertion that he was denied the effective assistance of counsel, and find them equally without merit.

Peters, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.