■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELTEADRO SCOTT, Appellant. [610 NYS2d 895] —Judgment unanimously affirmed. Memorandum: By failing to make a motion to suppress photographs of the stolen automobile or to object to their admission at trial, defendant waived his argument that the photographs were the product of an illegal stop *(see, People v Bertolo,* 65 NY2d 111; *People v Manners,* 118 AD2d 734, *lv denied* 68 NY2d 670). Defendant was not entitled to a hearing on the admissibility of the photographs because his pretrial motion papers fail to state the ground for suppression or to set forth sworn allegations of fact *(see,* CPL 710.60 [1]; *People v Mendoza,* 82 NY2d 415). (Appeal from Judgment of Monroe County Court, Connell, J.—Criminal Possession Stolen Property, 5th Degree.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LUPER, Appellant. [607 NYS2d 788] —Judgment unanimously affirmed. Memorandum: Defendant contends that the trial court erred in admitting statements that he made during three postcrime telephone calls to the victim. Those statements consisted of a threat to burn down the house of the victim's cousins if they did not stop saying that defendant had shot the victim, a directive that the victim not tell anyone that defendant had shot her, and a suggestion that the victim "mix up" her story. We conclude that the trial court properly admitted those statements into evidence as indicative of defendant's consciousness of guilt *(see, People v Bennett,* 79 NY2d 464, 469-470; *People v Shilitano,* 218 NY 161, 179).

We have reviewed defendant's remaining contention and find it to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Kasler, J.—Assault, 2nd Degree.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.