■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS SMYTHE, Appellant. [620 NYS2d 647] —Judgment unanimously affirmed. Memorandum: By failing to move to suppress items seized from the 1977 Chevrolet Impala and room 112 at the Red Carpet Inn or to object to the admission of that evidence at trial, defendant waived his challenge to the warrants authorizing those searches *(see, People v Bertolo,* 65 NY2d 111; *People v Scott,* 201 AD2d 867, *lv denied* 83 NY2d 858). Although defendant moved to suppress evidence "seized from the defendant or from his home", his papers fail to set forth sworn allegations of fact supporting the motion *(see,* CPL 710.60 [1]). Thus, defendant was not entitled to a hearing *(see, People v Mendoza,* 82 NY2d 415; *People v Scott, supra).*

We reject defendant's contention that the court erred in allowing a witness to read to the jury a letter from defendant to his wife that was intercepted by the wife's cellmate and turned over to the prosecution. "A husband or wife shall not be required, or, without consent of the other if living, allowed,

to disclose a confidential communication made by one to the other during marriage" (CPLR 4502 [b]). That privilege has been held to apply to written communications between spouses *(People v Daghita,* 299 NY 194). Not all communications between husband and wife are. confidential, but rather, only those " 'induced by the marital relation and prompted by the affection, confidence and loyalty engendered by such relationship' " *(Matter of Vanderbilt,* 57 NY2d 66, 73). Here, the letter was sufficiently related to a conspiracy to cover up the murder that it may be said to have been made in pursuit of a criminal enterprise *(see, People v Watkins,* 63 AD2d 1033, *cert denied* 439 US 984).

We have reviewed the other issues raised by defendant and conclude that they are without merit. (Appeal from Judgment of Erie County Court, D'Amico, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Davis, JJ.