OPINION OF THE COURT
Dan Lamont, J.
This case presents an issue which arguably remains unresolved by the Court of Appeals decision in People v Dodt (61 NY2d 408 [1984]), to wit: If a defendant restrains another *730 person by “threatening to use deadly physical force,” but the handgun actually threatened to be used was in fact a starter pistol, can such defendant be convicted of kidnapping in the second degree? This issue was first confronted by the undersigned as the Trial Judge when the case was to be submitted to the jury (see, CPL 300.30 [1]).
FACTS
The evidence adduced at the trial — if accepted as true, and viewed in the light most favorable to the People — established the following facts:
On September 27, 1997, Christine Johnson-Govan was granted an order of protection against her husband, defendant Isaac Govan, by Supreme Court, County of Rensselaer. On September 29, 1997, the defendant came to Christine JohnsonGovan’s place of employment at 454 Second Street, Albany, and held a small black revolver to her head while telling her that they “had to talk.” Continuing to point the black revolver at her head and body, defendant ordered Christine JohnsonGovan out of her place of employment and into a Dodge Caravan vehicle, and then ordered her at gunpoint to drive to East Greenbush in Rensselaer County, or else he would shoot her. Christine Johnson-Govan was scared that she would be shot and felt that the defendant would shoot her if she did not do what she was told.
Upon arriving in the East Greenbush area, defendant ordered Christine to drive behind a K-Mart store and park, and told her that unless she discontinued her divorce action and dropped the charges and order of protection against him, he would kill her. Christine Johnson-Govan said that she would discontinue the divorce action, drop the charges and the order of protection, and let the defendant again reside with her and the parties’ two children. The defendant then calmed down, went into the bushes and said that he had taken the bullets out of the gun, and ordered Christine to drive to the shore of the Hudson River at Fort Crailo Park. The defendant then threw the small black revolver into the Hudson River.
The defendant next told Christine Johnson-Govan to drive back to her place of employment in Albany, and he then released her. After picking up her children at their after-school babysitters’ houses in Rensselaer County, Christine JohnsonGovan contacted the police. After the defendant had been arrested and arraigned, police scuba divers, several days later on October 17, 1997, recovered a small black revolver — which was *731 in fact a starter pistol — from the Hudson River at Fort Crailo Park in the area where Christine Johnson-Govan indicated to them that defendant had thrown the gun.
THE LAW
Penal Law § 135.20 provides that: “A person is guilty of kidnapping in the second degree when he abducts another person.” Penal Law § 135.00 (2) provides: “ Abduct’ means to restrain a person with intent to prevent his [or her] liberation by * * * (b) using or threatening to use deadly physical force”. Penal Law § 10.00 (11) provides: “ ‘Deadly physical force’ means physical force which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury.”
The theory of the prosecution in People v Dodt (supra) was that when defendant Dodt stated to the victim that he had a gun in his pocket, he thereby threatened the use of deadly physical force. Defendant Dodt argued that the proof was insufficient because there was no evidence at trial that the threat made was capable of present realization, and there was no evidence at trial that defendant actually possessed a gun, much less an operable gun. The Court of Appeals stated in People v Dodt (supra, at 415) that “a threat to use a gun, such as was made here, can only be understood as a threat that the weapon is operable. In short, on the facts of this case, the evidence was sufficient to establish that defendant restrained Mrs. Culp by ‘threatening to use deadly physical force’ ” (emphasis supplied).
DISCUSSION
CPL 300.30 (1) provides that “When the court ‘submits a count,’ it must, at the least, submit the offense charged therein if such is supported by legally sufficient trial evidence, or if it is not, the greatest lesser included offense which is supported by legally sufficient trial evidence.” CPL 70.10 (1) provides that “ ‘Illegally sufficient evidence’ means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof’.
The People contend that the crime charged in the first count of the indictment, to wit: kidnapping in the second degree, a class B violent felony, is supported by legally sufficient trial evidence and should be submitted to the jury. The People contend that a threat to use a gun while displaying what appears to be a revolver can only be understood by the victim as a threat that the weapon is operable (citing People v Dodt, 61 NY2d 408, supra).
*732 Defendant Govan contends that the crime of kidnapping in the second degree is not supported by legally sufficient trial evidence and should not be submitted to the jury, and that the greatest lesser included offense which should be submitted to the jury is the crime of unlawful imprisonment in the second degree, Penal Law § 135.05, a class A misdemeanor. Defendant Govan contends that a starter pistol is not readily capable of causing death or other serious physical injury; therefore, a starter pistol does not constitute deadly physical force as defined by the Penal Law, and threatening to use a starter pistol does not constitute threatening to use deadly physical force (citing Penal Law § 10.00 [11]).
This issue thus presented distills down to whether the phrase “threatening to use deadly physical force” in the definition of “abduct” in Penal Law § 135.00 (2) (emphasis supplied) pertains: (1) to the state of mind of the victim — as the actions and words of the defendant under all the facts and circumstances appeared to her; or (2) to the actual capability of the physical force threatened to be used when such capability is provable and known — as opposed to the People v Dodt (supra) scenario, where the existence and operability of the gun were unknown.
CONCLUSION
Upon the facts of this case, where the defendant in violation of an order of protection issued by the Supreme Court held what appeared to be a revolver to his wife’s head and threatened to kill her, thereby placing her in extreme fear for her life, and forced her at gunpoint out of a building and into a vehicle, and then forced her to drive to East Greenbush, New York, this court holds and determines that the defendant restrained his wife by “ ‘threatening to use deadly physical force’” (see, People v Dodt, supra, at 415 [emphasis supplied]) and can therefore be found guilty of kidnapping in the second degree. This court further holds and determines that the threat to shoot the victim while pointing a revolver at her head and body can only be understood by the victim as a threat that the revolver displayed was loaded and operable. That the revolver was in fact a starter pistol not actually readily capable of causing death or serious physical injury is of no moment.
For this court to hold otherwise would thereby reduce defendant’s criminal exposure and responsibility to the class A misdemeanor of unlawful imprisonment in the second degree, and would thereby fail to afford adequate protection and *733 redress to this alleged victim of domestic violence forced at gunpoint under threat of being shot to do whatever and go wherever defendant ordered.
Accordingly, this court holds and determines that the charge of kidnapping in the second degree as charged in the first count of the indictment is supported by legally sufficient trial evidence and will be submitted to the jury.