■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC GOVAN, Appellant. [701 NYS2d 474] —Graffeo, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered August 31, 1998 in Albany County, upon a verdict convicting defendant of the crimes of kidnapping in the second degree and criminal contempt in the first degree.

In August 1997, defendant assaulted his wife resulting in the issuance of an order of protection. Approximately one month later, defendant went to his wife's place of employment where she worked as an office manager for a construction company. When she answered the door, defendant pointed a gun at her and told her that they needed to "talk". When she unsuccessfully attempted to escape, defendant placed the gun to her head, ordered her to proceed to her automobile, and instructed her not to "do anything stupid, or I'll shoot you". Defendant then directed that she drive to a certain location where he attempted to convince his wife to resume their relationship, continuing to display the weapon during their conversation. Managing to calm defendant, his wife persuaded him to dispose of the gun. Toward that end, defendant discarded the gun in the Hudson River. Later that day, defendant's wife reported the incident to the Albany City Police who recovered a "starter

pistol" from the river in the vicinity where defendant had allegedly thrown the gun.

At the conclusion of trial, the jury found defendant guilty of kidnapping and criminal contempt and he was sentenced as a predicate felon to concurrent terms of imprisonment of 10½ years on the first count and 2 to 4 years on the second count.

Defendant now appeals, initially contending that the evidence was insufficient as a matter of law to support a conviction for kidnapping in the second degree due to the fact that defendant did not possess a deadly weapon. Pursuant to Penal Law § 135.20, kidnapping in the second degree requires the abduction of another person, which occurs when one intentionally restricts another's liberty of movement by, as relevant here, "using or threatening to use deadly physical force" (Penal Law § 135.00 [2]; *see, People v Linderberry*, 222 AD2d 731, *lv denied* 87 NY2d 975).

The record discloses that defendant forced his way into the victim's place of business, put what appeared to be a pistol to her head and threatened to shoot her. He compelled her to drive to a parking lot while repeatedly pointing the pistol at her and threatening to kill her. Although the starter pistol recovered by the police was concededly incapable of discharging a projectile, the threatened use of that which appears to be a weapon is sufficient to establish abduction with the threat of use of deadly force (*see, People v Dodt*, 61 NY2d 408, 411, 414-415; *People v Butts*, 181 AD2d 432, *lv denied* 79 NY2d 1047). Therefore, we conclude that defendant's threats to kill his wife while displaying the starter pistol were sufficient to support the conviction of kidnapping in the second degree.

Next, defendant's contention that the prosecutor's summation deprived him of a fair trial is unavailing. The defense objection to the prosecutor's characterization of defense counsel's attack on the victim's credibility as "the oldest trick in the book" was sustained by Supreme Court with proper instruction to the jury to disregard the prosecutor's comment. With respect to the prosecution's misdemeanor reference regarding unlawful imprisonment, the court also sustained defendant's objection and provided a curative instruction. When viewed in the context of the entire summation and in light of the curative instructions, we find that the prosecutor's statements did not have a tendency to prejudice the jury (*see, People v Bradshaw*, 263 AD2d 767, 768; *People v Alexander*, 255 AD2d 708, 710, *lv denied* 93 NY2d 897) and, therefore, defendant was not deprived of a fair trial.

There is further no merit in defendant's assertion that he

was denied the effective assistance of counsel. The record reveals that defense counsel made appropriate pretrial and posttrial motions, provided adequate opening and closing statements, and engaged in strenuous objections and cross-examination of the People's witnesses (*see, People v Driscoll*, 251 AD2d 759, 761, *lv denied* 92 NY2d 949). Under these circumstances, defendant received meaningful representation and was not denied effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 147; *People v Wall*, 142 AD2d 883, 884, *lv denied* 73 NY2d 861).

Lastly, defendant claims that reversible error was committed when Supreme Court allowed his spouse to testify in violation of spousal privilege protections. Although CPLR 4502 provides that a spouse may not disclose a confidential communication made by the other spouse during the marriage without the spouse's consent, it is well settled that the privilege does not attach to all communications (*see, Matter of Vanderbilt [Rosner—Hickey]*, 57 NY2d 66, 73; *People v Smythe*, 210 AD2d 887, *lv denied* 85 NY2d 943). Where, as here, the criminal activity was aimed at the spouse, the privilege is extinguished (*see, People v Davis*, 226 AD2d 125, 126, *lv denied* 88 NY2d 1020; *People v Capobianco*, 218 AD2d 707, *lv denied* 86 NY2d 841).

We have reviewed defendant's remaining contentions and find them to be lacking in merit.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed. [*See*, 178 Misc 2d 729.]