■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT HARRIOTT, Appellant. [9 NYS3d 228]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered June 27, 2012, convicting defendant, after a jury trial, of kidnapping in the second degree, criminal possession of a weapon in the second degree and assault in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 13 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence established that defendant and his accomplices (*see* Penal Law § 20.00) restrained the victim by threatening to use deadly force, and struck him with several dangerous instruments, causing physical injury.

The court properly exercised its discretion in denying de-

fendant's motion to strike, as unresponsive, the victim's answer to a question on cross-examination. The answer was essentially responsive, even though it went somewhat beyond the scope of the question. Defendant did not preserve his claim that the court should have struck two previous responses, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. Defendant was not prejudiced by any of the allegedly unresponsive answers.

Defendant was not deprived of a fair trial when, based on concerns about the conduct of some spectators, the District Attorney's Office placed approximately eight plainclothes investigators, only two of whom had their shields displayed, in the spectator section. The presence of these officers was unobtrusive, and there was no risk of prejudice (*see Holbrook v Flynn*, 475 US 560 [1986]). Concur—Gonzalez, P.J., Mazzarelli, DeGrasse and Kapnick, JJ.