People v Quattrocchi (2021 NY Slip Op 00504)





People v Quattrocchi


2021 NY Slip Op 00504


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Kapnick, J.P., Mazzarelli, Kennedy, Mendez, JJ. 


Ind No. 514/15 514/15 Appeal No. 12988 Case No. 2017-03279 

[*1]The People of the State of New York, Respondent,
v
Brian Quattrocchi, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Victoria Muth of counsel), for respondent.



Judgment, Supreme Court, New York County (Felicia A. Mennin, J.), rendered June 15, 2017, convicting defendant, after a jury trial, of attempted murder in the second degree, kidnapping in the second degree, and attempted assault in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 23½ years on the attempted murder and kidnapping convictions and 15 years on the attempted assault conviction, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). With regard to the convictions of attempted second-degree murder and attempted first-degree assault, the evidence supported the conclusion that defendant intended to kill or seriously injure the victim and came dangerously close to doing so. Defendant's conduct in stabbing the victim repeatedly in the chest with a large knife could easily have resulted in death, and a jury may infer that a defendant intends the "natural and probable consequences of his actions" (People v Steinberg, 170 AD2d 50, 69 [1st Dept 1991], affd 79 NY2d 673 [1992]; see e.g. People v Pusepa, 135 AD3d 559 [1st Dept 2016], lv denied 27 NY3d 1004 [2016]; People v Quinones, 8 AD3d 160 [1st Dept 2004], lv denied 3 NY3d 710 [2004]; People v Fils-Amie, 291 AD2d 358 [1st Dept 2002], lv denied 98 NY2d 650 [2002]). Although the stab wounds were not particularly deep, one of them penetrated the victim's lung, and it was only fortuitous that more serious damage was not inflicted. As for the second-degree kidnapping conviction, the evidence supports the conclusion that defendant threatened to use deadly physical force to restrain the victim. Defendant physically blocked the victim from leaving the apartment, verbally threatened to kill both her and the police officers attempting to rescue her, punched and kicked her, and barricaded the apartment door (see e.g. People v Harriott, 128 AD3d 470, 470 [1st Dept 2015], lv denied 26 NY3d 1008 [2015]). Although defendant was not armed at the outset, he ultimately wielded a knife against the victim. Even if defendant threatened the use of the knife in an effort to keep the police away, the evidence supports an inference that he also did so for the purpose of restraining the victim.
Defendant did not preserve his argument that the kidnapping conviction should be dismissed on the basis of the merger doctrine, and we decline to review it in the interest of justice. As an alternative holding, we find the claim unavailing, because the victim's confinement was distinct from the attempted murder and assault and more extensive than necessary to accomplish these offenses (see People v Leiva, 59 AD3d 161, 161 [1st Dept 2009], lv denied 12 NY3d 818 [2009]).
A jury charge on the justifiable use of deadly force charge was not necessary, because the propriety of the police conduct in shooting defendant to stop his attack on the victim was not at issue[*2]. However, any error was harmless because the evidence was overwhelming that defendant trapped the victim in the apartment and stabbed her repeatedly, the court correctly stated the law, and the brief instruction was clear that justification was the standard for judging the propriety of the officers' conduct in shooting defendant, not for determining whether or not defendant was guilty of the charged crimes. We find unpersuasive defendant's claims of prejudice, including his assertions that the charge risked confusing the jurors or leading them to believe that a justified shooting would tend to prove defendant's guilt.
We find no basis to reduce the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021