People v Murray (2022 NY Slip Op 01903)





People v Murray


2022 NY Slip Op 01903


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


78 KA 19-00970

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DURELL MURRAY, DEFENDANT-APPELLANT. 






DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered November 29, 2018. The judgment convicted defendant upon a jury verdict of kidnapping in the second degree, burglary in the second degree (two counts) and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed for kidnapping in the second degree under count one of the indictment to a determinate term of 15 years and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, one count of kidnapping in the second degree (Penal Law § 135.20) and two counts of burglary in the second degree (§ 140.25 [1] [d]; [2]). Contrary to defendant's contention, his conviction of those crimes is supported by legally sufficient evidence (see People v Dodt, 61 NY2d 408, 411 [1984]; People v Govan, 268 AD2d 689, 690 [3d Dept 2000], lv denied 94 NY2d 920 [2000]; see generally People v Danielson, 9 NY3d 342, 349 [2007]). Moreover, viewing the evidence in light of the elements of kidnapping in the second degree and burglary in the second degree as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that the verdict convicting defendant of those crimes is not against the weight of the evidence (see People v Harriott, 128 AD3d 470, 470 [1st Dept 2015], lv denied 26 NY3d 1008 [2015]; People v Balcom, 171 AD2d 1028, 1028-1029 [4th Dept 1991], lv denied 78 NY2d 920 [1991]; see also People v Goldsmith, 127 AD2d 293, 295-296 [3d Dept 1987], lv denied 70 NY2d 711 [1987]). Contrary to defendant's contention, the jury's decision to acquit him of kidnapping in the second degree in relation to the victim's son "does not provide [us] with the power to overturn [the jury's] verdict" convicting defendant of kidnapping in the second degree in relation to the victim herself (People v Nichols, 163 AD3d 39, 45 [4th Dept 2018] [internal quotation marks and emphasis omitted]; see People v Rayam, 94 NY2d 557, 561-563 [2000]).
We agree with defendant, however, that the sentence is unduly harsh and severe under the circumstances of this case. Thus, we modify the judgment as a matter of discretion in the interest of justice by reducing the sentence on count one of the indictment to a determinate term of 15 years' imprisonment, to be followed by the five years' postrelease supervision imposed by County Court (see generally CPL 470.15 [6] [b]). Defendant's remaining contentions do not warrant reversal or further modification of the judgment.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court