People v Washington (2022 NY Slip Op 04134)

People v Washington

2022 NY Slip Op 04134

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022

Before: Gische, J.P., Kern, Mazzarelli, Singh, Rodriguez, JJ. 

Ind. No. 3910/17 Appeal No. 16204 Case No. 2019-03618 

[*1]The People of the State of New York, Respondent,
v
Zahmeil Washington, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.

Judgment, Supreme Court, New York County (Stephen M. Antignani, J.), rendered June 27, 2019, convicting defendant, after a nonjury trial, of attempted murder in the first degree and robbery in the first degree, and sentencing him to an aggregate term of 15 years to life, unanimously affirmed.
Defendant's legal sufficiency claim regarding his attempted murder conviction is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence established attempted first-degree murder under a theory of attempting to cause the victim's death in the course of a robbery. Defendant's homicidal intent was inferable from his actions, which included stabbing the victim in the back of his neck, and then chasing the injured victim and stabbing him several more times (see People v Quattrocchi, 190 AD3d 653, 653 [1st Dept 2021], lv denied 37 NY3d 959 [2021]). The evidence also supports an inference that defendant's actions came dangerously close to causing the victim's death, even though no life-threatening wounds were actually inflicted (see id.).
The court properly denied defendant's motion to suppress evidence derived from his arrest. There was ample evidence that defendant's arrest was supported by probable cause. In this robbery of a food delivery worker, defendant's phone number matched the number used to order food for the purpose of luring the victim to the scene of the crime. In addition, the victim's description of his assailant matched a photograph of defendant that a detective obtained. Furthermore, the detective testified that this photo also matched the robber's appearance on a surveillance videotape, and under all these circumstances the People were not required to produce the videotape to demonstrate the legality of the police conduct (see People v Clarkson, 292 AD2d 207, 208 [1st Dept 2002]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, including counsel's reasons for requesting the court in this nonjury trial to consider certain lesser included offenses but not others (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that counsel's failure to request the court to consider the lesser included offenses proposed on appeal fell below an objective standard of reasonableness, or that [*2]the court would have granted either of both of those requests, or that upon such consideration it would have reached a different verdict. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022