People v Medina (2023 NY Slip Op 03294)

People v Medina

2023 NY Slip Op 03294

Decided on June 15, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 15, 2023

Before: Renwick, A.P.J., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Ind. No. 1180/18 Appeal No. 485 Case No. 2020-00254 

[*1]The People of the State of New York, Respondent,
v
Luis Medina, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Daniel Hamburg of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.

Judgment, Supreme Court, New York County (James M. Burke, J.), rendered November 14, 2019, convicting defendant, after a jury trial, of attempted assault in the first degree and assault in the second degree, and sentencing him to an aggregate term of 10 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The victim's testimony, video surveillance footage, and medical records support the conclusion that when defendant repeatedly slashed the victim's torso and head with a knife, thereby endangering vital organs, defendant intended to at least cause serious physical injury, and came dangerously near to doing so, even he only succeeded in inflicting relatively superficial wounds (see People v Quattrocchi, 190 AD3d 653 [1st Dept 2021], lv denied 37 NY3d 959 [2021]; see also People v Gilford, 65 AD3d 840, 841 [1st Dept 2009], affd on other grounds 16 NY3d 864 [2011]).
Because defendant had ample opportunity to elicit from his expert witness evidence that the victim's injuries were not life-threatening, and to develop his theory that he neither intended to cause, nor came dangerously close to causing, serious physical injury, defendant was not prejudiced by any error in the court's ruling precluding the expert from answering a single question. Defendant did not preserve his claim that this isolated discretionary ruling violated his constitutional right to present a defense (see People v Lane, 7 NY3d 888, 889 [2006]), and we decline to review it in the interest of justice. In the alternative, we reject it on the merits (see Crane v Kentucky, 476 US 683, 689-90 [1986])).
The court properly denied defendant's application pursuant to Batson v Kentucky (476 US 79, 93-96 [1986]). The record supports the court's finding that the nondiscriminatory reasons provided by the People for the challenges in question were not pretextual. Given the great deference afforded the fact-finding court due to its ability to assess the credibility of the attorney and the demeanor of the panelists, we find no basis to conclude the court erred in this determination (see People v Hecker, 15 NY3d 625, 663-65 [2010]; People v Hernandez, 75 NY2d 350, 356 [1990], affd 500 US 352 [1991]; see also Thaler v Haynes, 559 US 43, 49 [2010]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 15, 2023